Mary E. Spencer and Alice R. Randall, Claimants,
v. The State of New York.

Claim No. 15621.

(State of New York, Court of Claims, February, 1920.)

Damages — awards — evidence — temporary appropriation of
lands by the state — railroads — Canal Law, § 84.

An action to restrain the state from laying a track along a
public highway extending through claimants' property, a sum-
mer resort at Oneida lake, in order to make a connection
between a branch of a railroad and state lands, for the pur-
pose of conveying material to be used in the construction of
the Barge canal, resulted in the payment of $350 in full for
damages, a discontinuance of the action and the consent of
claimants to the construction of the proposed track and the
use thereof to July 1, 1917. A few days before that date,
the state made a temporary appropriation of a strip of claim-
ants' land eight feet by three hundred and thirty-six feet, for
a period of five years from the date of such appropriation,
and within six months thereafter claimants filed a notice of
intention to file a claim for damages for the appropriation of
their land and for damages to the remaining land and buildings
including damages caused by the maintenance and operation
of the railroad. At the time of such appropriation claimants'
buildings were all under lease at an aggregated annual rental
of $2,200; they lost no rents nor so far as the evidence dis-
closed had there been any damage or permanent injury to
the land or any increase in taxes or insurance or any pecuniary
loss by reason of the maintenance and operation of the rail-
road which was only occasionally used. Held, that claimants'
rights to damages for the temporary appropriation by the
state were secured by section 84 of the Canal Law, and that
on the proofs, no greater award than five dollars, to cover the
period from such appropriation down to the time of the filing
of the claim, could be justified.

Claim for value of lands appropriated by the state.

E. L. Hunt, for claimants.

Edward M. Brown, deputy attorney-general, for State of New York.

WEBB, J.   In 1916 claimants were the owners of property at Sylvan Beach, a summer resort at Oneida lake.   A public highway extended through their property, known as Railroad street, on each side of which were located various frame structures, hotel, photograph gallery, cafe, barn and the like.   In September, 1916, the state of New York commenced to lay a track through Railroad street, making a connection between a branch of the Ontario and Western railroad on the north with land of the state of New York on the south, for the purpose of conveying material to the state property to be used in the construction of the Barge canal on Fish creek at that point.

An action was begun restraining the construction of that road and negotiations were thereafter entered into, resulting in the payment by the state to the claimants of about $350 in full of their damages, the discontinuance of the action, and a consent from claimants to the state for the construction of the railroad track as proposed, and its use and maintenance to July 1, 1917.   A few days previous to this latter date, the state of New York made a temporary appropriation of the land upon which the railroad tracks had been constructed, being a strip 8 feet wide and 336 feet long, for a period of five years from the date of the certificate of appropriation.

Within six months thereafter, the claimants filed a notice of intention against the state for damages in the sum of $5,000, and filed the claim in this proceeding, alleging that the Ontario and Western Railroad Company at the direction of the state was then and since the fall of 1916 had been operating said railroad so constructed, and running engines and cars

over the tracks, and that the operation of the railroad and maintenance of the tracks were a menace to the public and interfered with the public patronizing the hotel and business places, and created noise, smoke and cinders, making the hotel uncomfortable and unsightly to patrons, and alleged as a detail statement of its damages: For land appropriated for five years, $1,000; for damages to the remaining land and structures including damages for maintenance and operation of the railroad, $4,000; making a total of $5,000.

The proofs and findings show that at the time of the appropriation, claimants' buildings adjoining Railroad street were all under lease; that the rents aggregated some $2,200 annually; that there had been no loss of rents, nor so far as the evidence showed, had there been any damage or permanent injury to the land or any increase in taxes, or insurance, or pecuniary loss because of the maintenance and operation of the railroad; that the use made of the tracks was an occasional one to transport lumber, coal and material from the railroad tracks at the north end of Railroad street to the dock and Barge canal property at the south end of Railroad street, for use in the construction and improvement of the canal and Fish creek, as a part of the canal system.

The case is quite exceptional. It would seem that claimants' right to damages was secured to them by section 84 of the Canal Law in these words: " The owner of lands * * * which such superintendent (of public works) occupies for temporary purposes in the construction or improvement of any canal or other work connected therewith, * * * shall have allowed and paid to him such just and equitable damages as he sustains by reason of * * * such occupation or entry upon such lands, * * * and the

35

superintendent of public works may agree with such owner on the amount of such damages subject to the approval of the canal board."

The claim for damages is two fold; for the appropriation of land, and for damages to the remaining land and structures by reason of the maintenance and operation of the railroad. There was no evidence that the superintendent of public works agreed on any damages for the temporary occupation of the highway after July 1, 1917. The claimants demanded damages for the entire five-year period beginning July 1, 1917. It did not appear that the claimants had sustained any pecuniary damages by reason of the appropriation beyond the temporary invasion of their title to the fee of the highway, down to the time of the trial of the action, and for that reason the court made a nominal award only. The existence and operation of said railroad tracks gave the claimants no cause of action, even assuming that the same were "a menace to the public," "an interference with the public in patronizing the hotel and business places," or "by noise, smoke and cinders, making the hotel uncomfortable, unsightly and less desirable to its patrons."

Section 84 of the Canal Law provided that the owners of lands temporarily occupied by the state should be allowed such just and equitable damages as they sustain by reason of the occupation, but justice and equity must be even handed and have regard to the right and interest of both parties to a litigation. While it is highly probable that the lessee of the hotel property, and perhaps of some of the other buildings on Railroad street, were damaged by the causes described by the claimants, the lessors received the full amount of their rent unaffected by the state's invasion of their rights in the highway and no direct pecuniary damages were shown to have been sustained.

The case of *Kernochan* v. *Manhattan R. Co.*, 161 N. Y. 339, is similar to the one under consideration, in that the lease of the demised premises was made prior to the construction of the elevated railroad in the adjacent street. There, however, the lease was for upwards of fifty years, with fixed periods for the rentals to be adjusted, and the appropriation was a permanent one. The opinion of the court (pp. 345–346) would seem to hold the proposition that if the ground rent had been fixed prior to the construction of the railroad, with no provision for any change in the rent during the term, or on any other basis than the land demised, with unimpaired street easements, then the plaintiff could not maintain the action, which is precisely the point presented in the present case.

We have here, however, an invasion of the claimants' rights as owners of the fee, by the service of the appropriation map and the use and occupation of the property by the state. As I view the situation and the statute controlling it, the claimants are entitled to a nominal award for that act of the state, which by legal effect shows claimants' ownership of the property in question, and the state's invasion of their right to the unrestricted use and possession of it. Accordingly an award of five dollars has been made to cover the period from the appropriation of the property down to the time of the filing of the claim. It may be that during the further occupation and maintenance of railroad tracks in the highway, claimants may suffer damages beyond those covered by the present award, but in my judgment, upon the proofs presented, no greater award than the present would be justified by either the proofs, or the statute covering damages for the temporary appropriation of land.

ACKERSON, P. J., concurs.

Award accordingly.