MARY E. SPENCER and ALICE E. RANDALL, Appellants, *v.* THE STATE OF NEW YORK, Respondent.

Fourth Department, November 17, 1920.

Highways — temporary appropriation of easement by State where fee in abutting owner — damages — no compensation for rights of tenants.

The owners of the land upon both sides of a highway who also own the fee therein are entitled to nominal damages only for the appropriation by the State for a period of five years of an easement in the highway for a railroad used in connection with the construction of the barge canal, where all the land is leased at the time of the appropriation.

The owners should not be limited, however, in the recovery of damages to the time of the filing of the claim, since it was not merely for damages theretofore done to the land, but for its appropriation, and hence the owners should be permitted to recover compensation for so much of the five-year period as extends beyond the terms of the respective outstanding leases.

APPEAL by the claimants, Mary E. Spencer and another, from a judgment of the Court of Claims in their favor, entered in the office of the clerk of said court on the 2d day of March, 1920.

*E. Leland Hunt*, for the appellants.

*Charles D. Newton*, Attorney-General [*J. L. Cheney*, First Deputy Attorney-General, of counsel], for the respondent.

KRUSE, P. J.:

The question presented by this appeal is whether the State should pay substantial or only nominal damages, for appropriating an easement in a highway for a railroad used in connection with the construction of the barge canal at Sylvan Beach, a summer resort situate on the borders of Oneida lake. Claimants' premises are situate upon both sides of the highway and they own the fee of the highway. The appropriation is not permanent, but temporary for a period of five years. Such temporary appropriation is permitted by the Canal Law (§ 84).

At the time of the appropriation the premises were occupied

by various tenants and substantially all of the leases were in force at the time this claim was filed. The trial court awarded only nominal damages, holding that no damages had been proven beyond the diminution in the rental value resulting from the temporary appropriation. (See 110 Misc. Rep. 543.) I think this holding was correct.

But the learned court held further that no damages were recoverable beyond the time of filing the claim, and that since the leasehold terms as to which any damages had been proven had not expired at that time, the claimants were only entitled to recover nominal damages. I think this was error. The claim filed was not merely for damages theretofore done to the land, but for the appropriation thereof. The general rule for measuring compensation to be awarded to an owner where but a portion of his land is to be appropriated is compensation for the land actually taken and damages resulting to the residue, including such as will be sustained by reason of the use to which the portion taken is to be put. (*South Buffalo R. Co.* v. *Kirkover*, 86 App. Div. 55, 65; 176 N. Y. 301; *Rasch* v. *Nassau Electric R. R. Co.*, 198 id. 385, 389.)

While the claimants were not entitled to the same amount of damages as if the appropriation had been permanent, nor to recover compensation for the rights of their tenants appropriated by the State, they were entitled to compensation for so much of the five-year period as extends beyond the terms of the respective outstanding leases, including all damages resulting from the appropriation within the rule before stated.

Findings 10, 11, 12 and 13, which relate to this question, should be disapproved and set aside, and the judgment reversed and a new trial granted, with costs to the appellants to abide the event.

All concur.

Judgment reversed and new trial granted, with costs to appellants to abide event. Findings of fact numbered 10, 11, 12 and 13 are disapproved and reversed.