MARY E. SPENCER and Another, Respondents, v. THE STATE OF NEW YORK, Appellant.

Fourth Department, October 3, 1923.

State — claim for damages arising from appropriation for five years of easement in highway for railroad used in construction of Barge canal — claimant's land was leased — damage is to be measured by loss in rental value after expiration of leases plus any damage to fee — difference between market value of land before and after appropriation is not true measure of damages.

The measure of damages where the State makes a temporary appropriation for a period of five years of an easement in a highway for a railroad used in connection with the construction of the Barge canal, the claimant's land being under lease at the time of the appropriation, is the loss in the rental value of the land after the expiration of the leases, plus such damage as may have resulted to the fee arising from the user of the easement, and it is error to award damages based on the difference in the market value of the land immediately before and after the appropriation.

APPEAL by the defendant, The State of New York, from a judgment of the Court of Claims, entered in the office of the clerk of said court on the 29th day of August, 1922, awarding claimants compensation for the temporary appropriation of certain land by the defendant in connection with the construction of the Barge canal.

*Carl Sherman*, Attorney-General [*W. J. Wetherbee* of counsel], for the appellant.

*Edward A. Kiley*, for the respondents.

CROUCH, J.:

The claim is for damages arising from an appropriation for a period of five years of an easement in a highway for a railroad used in connection with the construction of the Barge canal. The claim came on for trial first in 1919. The only evidence offered on the question of damages was the market value of the property immediately before and immediately after the appropriation. It appeared that at the time of the appropriation claimants' buildings were substantially all under lease. It was not shown that there had been any loss of rents, or any permanent injury to the premises, or any pecuniary loss because of the maintenance and operation of the railroad. (See 110 Misc. Rep. 543.) The trial court held that no damages were recoverable beyond the time of filing the claim, and that since the leasehold terms, as to which no damages had been proven, had not expired at that time, the claimants were only entitled to recover nominal damages. Upon appeal to this court, such holding was held erroneous, the judgment was reversed, and

a new trial granted.    (*Spencer* v. *State of New York*, 194 App. Div. 79.)

The case came on for a retrial, and it was stipulated that the proofs taken upon the first trial should constitute and be the proofs in the case.    No new evidence was offered by either party.    Upon that record the Court of Claims has found that the market value of claimants' land immediately before the appropriation was $15,000, and after such appropriation $13,500, and, holding as matter of law that the measure of damages to claimants is the difference between the fair market value before and after appropriation, has awarded claimants the sum of $1,500, with interest.

The court below seems to have misapprehended the rule of damages applicable to this claim, as stated in the opinion of the court on the first appeal.    (*Spencer* v. *State of New York, supra,* 80.)    The opinion, after stating the general rule of damages, where a portion of the land is permanently appropriated, continued as follows: " While the claimants were not entitled to the same amount of damages as if the appropriation had been permanent, nor to recover compensation for the rights of their tenants appropriated by the State, they were entitled to compensation for so much of the five-year period as extends beyond the terms of the respective outstanding leases, including all damages resulting from the appropriation within the rule before stated."

This is a clear statement of the rule applicable in the case of temporary appropriations.    The claimant is entitled to recover the loss in rental value during the term of the appropriation, plus further loss, if any, resulting from damage to the fee arising from the user of the easement.    Until the expiration of the leases existing at the time of the appropriation in this case, claimants could ordinarily sustain no loss of rents.    From the expiration of each outstanding lease to the end of the five-year period, any loss in rental value could be recovered by claimants.    Likewise, any damage arising from a physical injury to the premises, permanent in its character, as, for instance, injury to the buildings resulting from vibration or smoke, would be recoverable.

There is no evidence in the record upon which any finding of damage within the above rule can be predicated.   Findings 11, 12 and 13 should be disapproved and reversed, the judgment reversed, and a new trial granted, with costs to the appellant to abide the event.

All concur.

Judgment reversed on the law and facts and new trial granted, with costs to appellant to abide event.   Findings of fact Nos. 11, 12 and 13 are disapproved and reversed.