JAMES W. HUGHES CORPORATION, Claimant, *v.* STATE OF NEW YORK, Defendant. (Claim No. 30339.)

Court of Claims, June 8, 1951.

*William A. Kirk* for claimant.

*Nathaniel L. Goldstein, Attorney-General (Burns F. Barford* of counsel), for defendant.

SYLVESTER, J. This claim, filed pursuant to an enabling act (L. 1950, ch. 792), is brought to recover damages arising from the State's appropriation of a temporary easement in claimant's land, in connection with certain grade crossing elimination work in Staten Island, for the purpose of maintaining a railroad detour.

Claimant's plot of land, approximately 106,428 sq. ft. in size and bounded by the railroad right of way on its north, was affected by the taking in that a temporary easement was appropriated in the middle portion thereof (23,307 sq. ft.), leaving a strip of land (25,629 sq. ft.) to the north of the easement and the remainder (57,492 sq. ft.) to the south. The State has occupied the area for the past nine years and two months and is still in possession.

In arriving at the value of the temporary easement, it is determined that the measure of compensation is the fair and

reasonable rental value of the property during the easement period. (*United States* v. *General Motors Corp.*, 323 U. S. 373; *Spencer* v. *State of New York*, 206 App. Div. 376; *Graham* v. *State of New York*, 51 N. Y. S. 2d 437.) Claimant likewise seeks consequential damages to the remainder. An award is made to it in the accompanying findings solely for the diminished rental value during the easement period. Interest is also allowed commencing at the end of each year period.

During the State's occupancy of the easement site, the railroad removed fill for the purpose of levelling the area for use as a railroad detour. Claimant seeks recovery in damages for the value of the earth removed as an item of permanent damage. However, the railroad asserts the removal was temporary and that replacement will be made at the termination of the temporary easement. Accordingly, no award can be made at this time for the temporary removal. This operates without prejudice to any claim therefor at the end of the occupancy.