█ CITY OF BINGHAMTON, Appellant, v. ARLINGTON HOTEL, INC., Respondent.— GABRIELLI, J. Appeal from so much of an order of the Supreme Court, Broome County, entered August 16, 1966 as granted defendant's motion for discovery and inspection of two appraisal reports. In appropriating respondent's property, the appellant alleged that the fair and reasonable market value of the land to be condemned, was $511,400, which sum was offered to and rejected by the respondent, following which an order and judgment were entered which condemned the property, granted immediate possession to appellant and referred the matter to Commissioners of Appraisal. Respondent then moved for an order for discovery and inspection of certain appraisals made for appellant and, upon this appeal we are concerned with only those made just prior to the taking in which it is claimed that the valuations therein shown are $1,190,000 and $860,000 respectively. It is conceded by appellant that it obtained three appraisals, the first two of which were in the sum of $1,190,000 and $860,000; that these two appraisals were used for the purpose of obtaining Urban Renewal funds or grants; and that thereafter appellant " obtained a

third appraisal, which was in the approximate sum of $511,400 which sum was offered to the respondent for its properties." In resisting this application by appellant, we are faced with a seemingly anomalous situation in considering appellant's main argument when the affidavit of opposition states that the position taken "is very briefly that the request of the Arlington Hotel should be denied, basically on the grounds that it is material prepared for litigation", and further argues in its brief that reversal of the order should be had because "The respondent's attorneys have not stated any reason or any special circumstances which would require the relaxation of producing the material which has been prepared for litigation"; when actually it appears that the reports were prepared for purposes other than the litigation. It is quite obvious the reports sought to be discovered were made by appraisers retained by the appellant whose valuations of the property were adopted by it for the purpose of obtaining money from the Urban Renewal Agency of the Federal Government, and it is further indicated that the appraisers making these two reports will not be called as witnesses. Upon the facts and circumstances here presented, Special Term properly exercised its discretion in granting the order for discovery. CPLR 3101 (subd. [a]) provides that "There shall be full disclosure of all evidence material and necessary in the prosecution or defense of an action, regardless of the burden of proof". In applying this section to the facts in this case, we think appellant's further argument that discovery and inspection of these appraisal reports is unwarranted on the ground they are not "material and necessary", is without merit. "If there is any possibility that the information is sought in good faith for possible use as evidence-in-chief or in rebuttal or for cross-examination, it should be considered 'evidence material * * * in the prosecution or defense' (3 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 3101.07) ". (*Matter of Comstock*, 21 A D 2d 843, 844; cited with approval in *Allen* v. *Crowell-Collier Pub. Co.*, 21 N Y 2d 403; see, also, 3 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 3101.05.) In the *Allen* case (pp. 406–407), the court declared that "The words, 'material and necessary' are, in our view, to be interpreted liberally to require disclosure upon request, of any facts bearing on the controversy which will assist preparation for trial by sharpening the issues and reducing delay and prolixity. The test is one of usefulness and reason. CPLR 3101 (subd. [a]) should be construed, as the leading text on practice puts it, to permit discovery of testimony 'which is sufficiently related to the issues in litigation to make the effort to obtain it in preparation for trial reasonable' (3 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 3101.07, p. 31-13). Even under former section 288 of the Civil Practice Act, the courts tended to follow this more liberal construction as pretrial examinations became 'concerned more acutely with the preparation of the case than with the preservation of testimony.' (*Southbridge Finishing Co.* v. *Golding*, 2 A D 2d 430, 434; see, also, *Cornell* v. *Eaton*, 286 App. Div. 1124; *Dorros, Inc.* v. *Dorros Bros.*, 274 App. Div. 11, 13-14.) And, since the enactment of CPLR 3101, the courts have continued 'to enlarge the permissible use of pretrial procedure' begun under the former statute. (*Rios* v. *Donovan*, 21 A D 2d 409, 411 [1st Dept.]; see, also, *Matter of Comstock*, 21 A D 2d 843, 844 [4th Dept.]; *Nomako* v. *Ashton*, 20 A D 2d 331, 332–333 [1st Dept.]; see, also, Siegel, Disclosure under the CPLR: Taking Stock After Two Years, Eleventh Annual Report of Administration Board of Judicial Conference, 1965 [N. Y. Legis. Doc., 1966, No. 90], pp. 148, 185.) ". Respondent equates the relief granted with an application to discover (or examine) material prepared by expert *witnesses*, which it is not. Such a question is not before us upon this appeal for appellant concedes the two appraisals were made and used solely for the purpose of showing property values in order to obtain Urban Renewal

funds. Even if we were to assume the correctness of appellant's contention that the appraisals were intended for use at the trial and, therefore, immune under some holdings urged upon us, such an argument would be unavailable upon the facts of this case because of the addition of CPLR 3140 (L. 1967, ch. 640, eff. Sept. 1, 1967) which authorized the Appellate Divisions to adopt rules governing the exchange of appraisal reports, pursuant to which this department adopted a Special Rule, effective September 1, 1967, specifically providing for such an exchange; all of which is further evidence of the intent of the Legislature to permit wider disclosure of all matters material to the litigation of these matters and permit the equitable and speedier disposition thereof. We cannot " crystal-gaze " to the extent of now knowing the exact use to which respondent will put these reports for we cannot prejudge whether it will use them for rebuttal or cross-examination. These are matters which must be met upon the trial, subject to all the rules of evidence; and because of the meager factual record before us we are unable to (for indeed we need not) pass upon the evidentiary question as to the admissibility of these reports as evidence-in-chief as part of the respondent's case upon the trial. Order affirmed, with costs. Gibson, P. J., Herlihy, Reynolds, Aulisi and Gabrielli, JJ., concur in memorandum by Gabrielli, J.