Howard T. Hogan, J.
In this eminent domain proceeding, the claimant seeks a subpoena duces tecum directing the condemnor to produce, at an examination before trial “ all appraisals submitted to any governmental agency or department or to the petitioner pertaining to Damage Parcel 7-6.”
The attorney for the petitioner asserts that if the appraisals are the property of the Federal Government, this court cannot issue a subpoena and that the records would be inadmissible at the trial.
The question concerning the ownership of the appraisals is not sufficiently explored either in fact or law by petitioner to warrant a finding that this court’s process cannot be utilized to obtain records apparently obtained by and kept in the custody of the petitioner.
This court has held that the exchange of appraisals is regulated by the provisions of the law under which the condemnation proceeding is brought. (See Matter of Town of Hempstead, 50 Misc 2d 101.) This court has also held that an appraisal report is not within the purview of any pretrial or discovery proceedings (Matter of Town of Hempstead [Inwood], 55 Misc 2d 806).
' These holdings however relate to the. exchange of appraisals which will be relied upon by the parties at trial. Such exchange is now regulated by the Nassau County Administrative Code, by CPLR 3140, and by part Eleven of the Rules of the Appellate Division, Second Department. All of these similarly relate to the exchange of the appraisal upon which the party bases his position at trial.
*649 The thrust of this application is different. Claimant asserts that the condemnor may have obtained other appraisals which it has utilized or adopted in some manner. There are several recent cases in which it has been held that appraisals obtained by the condemnor and adopted by it may be produced as an admission against interest unless they were obtained for settlement or purchase purposes (Matter of City of New York [Bklyn. Bridge], 50 Misc 2d 478. See, also, Brummer v. State of New York, 25 A D 2d 245 and Matter of East Houston Street, N. Y. L. J., Oct. 29, 1968, p. 17, col. 5). (See, also, “ The Use of Prior Appraisals in Condemnation Cases ”, 40 N. Y. State Bar J., Jan. 1968, No. 1, p. 37.)
There would therefore be authority for the admission of other appraisals that have been adopted by the municipality for the funding of the acquisition, and this court is in accord with that authority.
The court finds, however, that the scope of the subpoena is too broad, for the claimants would not be entitled to introduce “ all appraisals * * * pertaining to Damage Parcel 7-6.”
In addition, the court will not compel the production of appraisals at an examination before trial, because of the inherent question of reliance upon any particular appraisal, by the municipality.
Accordingly, the attorney for the claimant is advised to submit to the court a proposed subpoena in conformity with the decision and returnable at the trial.