■ NIAGARA FALLS URBAN RENEWAL AGENCY, Respondent, v. CLIFTON HOLDING, INC., et al., Appellants.— Order unanimously reversed, with costs, and motion granted. Memorandum: In its decision County Court declared that the second appraisal at issue in this case was but a " backup appraisal " used by the Federal Government merely to establish a maximum acquisition price in the negotiations to purchase defendant's property. Having so found, the court noted that " in this jurisdiction it is well settled that appraisals used solely for the purpose of establishing a recommended price are not discoverable nor admissible in evidence ", citing *Matter of Incorporated Vil. of Hempstead* (58 Misc 2d 648, 649). Reliance on this authority for the proposition stated is ill-founded. The opinion in the *Hempstead* case noted (p. 649) that: " There are several recent cases in which it has been held that appraisals obtained by the condemnor and adopted by it may be produced as an admission against interest unless they were obtained for settlement or purchase purposes. * * * There would therefore be authority for the admission of other appraisals that have been adopted by the municipality for the funding of the acquisition ". The cited authority for this proposition was *Matter of City of New York* (*Brooklyn Bridge Urban Renewal Project*) (50 Misc 2d 478). There it was held that appraisals used for purposes of establishing recommended prices for settlements or purchase are inadmissible to show market value, hence not discoverable. The court further found, however, that appraisals involved in that case, as in this case, had been submitted to Federal authorities in connection with an urban renewal project pursuant to government regulations which required such appraisals. Accordingly the court in *City of New York* (*supra*) determined that the condemnor had " adopted " and made use of the submitted appraisals and as such they were admissible at trial as admissions against interest with respect

to values of damage parcels which might be testified to at trial by the condemnor. Federal regulations followed by plaintiff-respondent required two appraisals in connection with urban renewal applications. It should be recognized that the appraisals prepared by the agency were not "material prepared for litigation" or at least this was not the main purpose behind their preparation. They were designed for submission to the Federal Government to accommodate and comply with Federal regulations concerning urban renewal for obtaining funds and as such were adopted by the Urban Renewal Agency for a purpose connected with the case other than for settlement, purchase or advance payments and were properly discoverable (see *City of Binghamton* v. *Arlington Hotel*, 30 A D 2d 585). (Appeal from order of Niagara County Court, in condemnation proceeding.) Present — Marsh, J. P., Moule, Cardamone and Simons, JJ.