## (February 28, 1974)

■ JOSEPH KAUFFMAN et al., Respondents-Appellants, v. STATE OF NEW YORK, Appellant-Respondent. (Claim No. 53048.) — Cross appeals from a judgment in favor of claimants, entered October 31, 1972, upon a decision of the Court of Claims. Claimants are the owners of a two-story single-family residence located in a residential section of the City of Mount Vernon with highly restrictive residential zoning. In October, 1968, and for 32 months thereafter, the State took a temporary easement across the front of claimant's property for use as a work area in connection with the reconstruction of the Cross County Parkway in Westchester County. At the same time, the State appropriated two one-family residences between claimants' premises and the old Cross County Parkway, which together with trees and shrubbery had acted as a "buffer zone" between claimants' premises and the highway. As a result, claimants are now approximately 42 feet from a retaining wall along the new highway right of way and the expressway traffic is in full view, together with the concomitant noise and smells resulting therefrom. The trial court has awarded claimants $1,920 as the value of the temporary easement and $3,200 as consequential damages for the diminution of the value of their property citing *Dennison* v. *State of New York* (22 N Y 2d 409). The State appeals the award of severance damages, and the claimants appeal both awards as inadequate. The trial court improperly applied the rule in *Dennison* v. *State of New York* (*supra*) to the case at hand. Claimants' property, located in a densely populated suburban community, cannot be compared to the remote, secluded wooded area found in *Dennison*. The other issue presented for our determination is whether claimant is entitled to consequential damages for the retaining wall erected along the new highway right of way. Concededly, there was no direct taking. The established rule of compensation for temporary easements is that a claimant is entitled to recover the loss in rental value, plus further loss, if any, *resulting* from damages to the fee arising from the use of the easement (*Mead* v. *State of New York*, 24 A D 2d 1043; *Spencer* v. *State of New York*, 206 App. Div. 376, 377; 19 N. Y. Jur., Eminent Domain, § 216). In other words the loss suffered must be a *result* of the temporary easement (*Great Atlantic & Pacific Tea Co.* v. *State of New York*, 22 N Y 2d 75, 87). We fail to find any damage to the fee in the instant case which resulted from the temporary easement taken by the State. It was the relocated parkway which was the source of the property's loss in value. An award for consequential damages caused by the erection of the retaining wall is not traceable directly to the taking of the temporary easement, and, therefore, cannot be sustained. (See *Greater N. Y. Councils, Boy Scouts of Amer.* v. *State of New York*, 31 A D 2d 674.) Judgment modified, on the law and the facts, so as to reduce the award to $1,920, together with appropriate interest, and, as so modified, affirmed, without costs. Staley, Jr., J. P., Greenblott, Sweeney and Main, JJ., concur; Kane, J., dissents and votes to affirm in the following memorandum. Kane, J. (dissenting) : I agree with the conclusions of the trial court. To apply the rules for consequential damages set forth in *Dennison* v. *State of New York* (22 N Y 2d 409), there must have been a secluded, quiet and peaceful location prior to the taking that is directly affected by the appropriation, and results in destruction of the peace and quiet pre-existing the taking. The necessary

elements exist in this case in sufficient measure to sustain the award. The removal of the "buffer zone," the trees and the shrubs change claimants' location from one of peace and quiet to one adjacent to a highly traveled highway, in plain view of the traffic with the noise, smell and constant intrusion that speeding vehicles produce each hour of the day and night. The fact that originally only a temporary easement was taken does not foreclose an award for severance damages to the remainder, when its diminution in value arises directly, in a succeeding chain of events, from the appropriation. (*Mead* v. *State of New York*, 24 A D 2d 1043; 4A Nichols, Eminent Domain [Rev. 3d ed.], § 14.21.) The other elements required by *Dennison* being present, I find the award within the range of acceptable testimony and it should be affirmed.