■ WILLIAM BACKER et al., Appellants, v STATE OF NEW YORK, Respondent. (Claim No. 52710.)—Order unanimously affirmed, without costs. Memorandum: In this appropriation case under the Highway Law, claimants appeal from an order of the Court of Claims denying their motion for discovery and inspection of an unfiled appraisal report and certain related records. The prior appraisal was utilized by a State Department of Transportation review appraiser in recommending an official order amount. An offer was made based upon the official order amount and claimants elected to take a partial payment. Thereafter the prior appraisal was used to encumber Department of Transportation funds which previously had been appropriated for highway projects, thereby insuring the availability of sufficient funds for this appropriation. Claimants contend that the latter use of the appraisal constituted an adoption in that it was for other than settlement, purchase or advance payment. We have repeatedly stated that unfiled appraisal reports which have been adopted by the State or condemning authority are not immune from discovery (Erie Lackawanna Ry. Co. v State of New York, 54 AD2d 1089; Niagara Falls Urban Renewal Agency v Clifton Holding, Inc., 43 AD2d 900). The State may adopt an unfiled appraisal "by using it in dealing with some third party in such a way that it can be said to have vouched for its authenticity" (Erie Lackawanna Ry. Co. v State of New York, supra, p 1090). Here it cannot be said that there has been an adoption of the report. In our view, its use by the State to encumber funds was part of the State's internal operation and was simply a component of the negotiation and settlement procedure. (Appeal from order of Court of Claims—discovery and inspection.) Present—Marsh, P. J., Moule, Simons, Dillon and Witmer, JJ.