■ CLINTON E. BARNES et al., Respondents, v STATE OF NEW YORK,

Appellant. (Claim No. 59224.)—Appeal from an order of the Court of Claims, entered October 11, 1977, which directed the State to make available for copying by claimants, a real estate appraisal report utilized by the Department of Transportation to obtain reimbursement from the Federal Government. The State appropriated a portion of claimants' property on September 13, 1973, for which taking claimants commenced suits against the State in the Court of Claims on March 31, 1975. Claimants sought production of a prior appraisal which they contend was used by the State to obtain reimbursement from the Federal Highway Administration (hereinafter FHWA) for costs incurred in constructing Interstate Route No. 508. It was for this highway that claimants' property was taken. The State contended that it was entitled to an order of protection. The Court of Claims found the State's conduct to have stripped the prior appraisal of immunity from discovery. We agree. In seeking a protective order, the State bears the burden of proof to show the impropriety of disclosure *(Koump v Smith,* 25 NY2d 287; *Stengel v Long Is. Light. Co.,* 61 AD2d 838). The State's reply affidavits indicate that a prior appraisal was conducted by the State, that an advance payment was made by the State to the claimants for the appropriated property and that the State sought partial reimbursement from the Federal Government for these payments. The conclusion is inescapable, therefore, that the State used the prior appraisal in order to arrive at the reimbursement figure. The claimants' affidavit adequately demonstrates then that the appraisal is material and necessary and meets the test of CPLR 3101 (subd [a]). The State contends also that in accepting advance payments, the claimants bound themselves by the agreements signed by the parties, which stated that in the trial of any claim brought by claimants no appraisals shall be evidence of the value of the claim or of the property affected by said claim. We deem it premature to pass on this point, which would be more properly raised at trial and not in this discovery proceeding. Order affirmed, without costs. Greenblott, J. P., Kane, Main, Mikoll and Herlihy, JJ., concur.