OPINION OF THE COURT
Richard F. Kuhnen, J.
Motion by respondents for an order directing the petitioner County of Chemung to produce for inspection and copying the following documents:
(1) "Appraisal Review” prepared by Richard J. Mullen Associates Incorporated on or bearing date September 16, 1977 relating to the valuation of the property involved in the above-captioned proceeding.
(2) "Request for Aid” dated August 30, 1976 prepared for submission on behalf of the County of Chemung to the New York State Department of Transportation and Federal Aviation Agencies.
(3) "Grant Agreement” dated September 7, 1977, Project No. 6-36-0026-05, Contract No. FA-EA 1612, including additional or supplemental grant agreement dated June 2, 1978.
The case involves taking of a portion of respondents’ real property for improvement of the Chemung County Airport. The project is partially financed through the Federal Aviation *904 Administration of the United States Department of Transportation (FAA) and the State of New York. To obtain Federal financing, the county must comply with FAA rules which require that the county obtain two independent appraisals plus a review of the two appraisals by an independent third appraiser. It is this "Appraisal Review” which the county objects to producing for inspection, having consented to produce the other two.
The objection of the county is that this "Review Appraisal” is not in itself an appraisal but rather a critique of the two appraisals, in the nature of a cross-examination; that while not a document prepared for trial, it is sufficiently analogous to one to be immune from discovery.
As counsel for petitioner writes in a memorandum:
"The 'Review Appraisal’ is an 'in house document’ utilized by the FAA towards settlement and further utilized by the County Attorney’s Office in preparing for trial. It is not the kind of document the law meant to be available to the respondents who are also, at this point in time, actively preparing for trial.
"The writer fully realizes that all existing case law available here in New York State seems to be to the effect that appraisals required by federal law for grant-in-aid purposes are available to the claimants through 'discovery’. However, the writer also submits, to the best of his knowledge, at least, that the request for a copy of the 'Review Appraisal’ has never been passed upon by our New York courts. Therefore, the issue on this motion would appear to be a question of the first impression.”
The court too has been unable to find any decisions which squarely pass upon the discoverability of such "Review Appraisals”. Appraisals used for the purpose of obtaining financial aid from State or Federal agencies, or reimbursement, are clearly obtainable. (City of Binghamton v Arlington Hotel, 30 AD2d 585; Niagara Falls Urban Renewal Agency v Clifton Holding, 43 AD2d 900; Barnes v State of New York, 67 AD2d 1065.)
Should a distinction be drawn where one purpose of the appraisal review is also to assist in settlement negotiations?
We think not. The review was something which was primarily prepared for obtaining an FAA grant, not in preparation for trial. That it may assist in settlement negotiations is *905 something which may be said of any appraisal made by a condemning authority.
Counsel for petitioner argues further: "It is respectfully pointed out to the Court that the Review Appraisal contains many critical references to conclusions and methods used by the County’s trial appraiser. These criticisms could and would be used by the Respondent to impeach the County’s trial appraiser, and this is not proper or fair.”
The argument may well have had validity in the past, but it now runs counter to the whole spirit of CPLR 3140 and section 839.3 of the Third Department (22 NYCRR 839.3), adopted thereunder. (City of Binghamton v Arlington Hotel, supra; Erie Lackawanna Ry. Co. v State of New York, 54 AD2d 1089.) In the latter case, the court stated (pp 1089-1090): "Once used in dealing with some third party, the report is not material prepared solely for litigation even though it may also be used for settlement or negotiation. The State having thus adopted the appraisal, it is available by way of discovery and its contents may be used in evidence as an admission against interest.”
The admissibility or the use to which respondents may put the review at the trial is a matter for the trial court to pass upon. We hold only that it is subject to discovery. (See City of Binghamton v Arlington Hotel, supra.)