◼ FIRST NATIONAL CITY BANK, as Trustee, Respondent-Appellant, v STATE OF NEW YORK et al., Appellants-Respondents. (And Another Action.)— In a condemnation proceeding and action, *inter alia,* to declare that the Tidal Wetlands Act unconstitutionally deprived plaintiff of the use of land which it held as trustee prior to formal vesting of title in Suffolk County, the parties cross-appeal from an order of the Supreme Court, Suffolk County, dated May 4, 1979, which ruled on the parties' sundry demands for pretrial disclosure. Order modified by (1) deleting therefrom the provision that "all appraisals by both sides" are protected under CPLR 3101 and

substituting therefor a provision that defendants' appraisals are protected under CPLR 3101; (2) adding thereto, immediately after the citation "(* * * *Miller v State of New York,* 91 Misc 2d 1028)", the following: "The appraisal prepared by Edward F. Cook at plaintiff's request in 1966, the 1969 'update' of that appraisal, the 1970 'explanation' of the 1969 'update', and the appraisal prepared in 1973 by Mr. Cook at plaintiff's behest, are discoverable and should be produced by plaintiff. However, plaintiff may redact from those documents any 'advice as to the threat of the Land being taken by the County in condemnation' "; and (3) deleting from the provision setting forth the items of Schedule A which are not discoverable, "item 21." As so modified, order affirmed, without costs or disbursements. In accordance with the order under review, the parties are directed to proceed with discovery within 30 days after entry of the order to be made hereon, "at a time and place agreeable to the parties." Plaintiff owned more than 500 acres of land in Southampton, New York, as trustee for several Astor trusts. In January, 1971 the Board of Supervisors of Suffolk County authorized the preparation of condemnation maps of the land and, on April 17, 1972, authorized the County Attorney to institute a condemnation proceeding. The county commenced negotiations for acquisition in June, 1972. While negotiations were in progress, the Tidal Wetlands Act (ECL art 25) became effective on September 1, 1973. That act drastically reduced the uses to which the land in question could be put. On June 25, 1974 the State Office of Parks and Recreation and the County of Suffolk entered into an agreement whereby the State agreed to pay 50% of the cost of acquiring the land in question and other land. Between 1971 and 1973, during its negotiations with the State for this grant, Suffolk County submitted four appraisals to the State. Before title to the land had vested in the county, plaintiff commenced an action for a declaratory judgment, injunctive relief and damages, contending that the Tidal Wetlands Act unconstitutionally deprived it of the use of its land without just compensation and, further, that the county considered the use restrictions in the Tidal Wetlands Act when valuing the land for purposes of condemnation. Title to the land formally vested in Suffolk County on December 4, 1974. On April 5, 1976 Mr. Justice Thom directed that the instant action be tried jointly with the condemnation proceeding. Plaintiff demands disclosure of the four appraisals prepared by the county and submitted to the State prior to the vesting of title, as well as all postvesting appraisals. Those appraisals constitute material prepared for litigation, exempt from disclosure pursuant to CPLR 3101 (subd [d]), except as provided in CPLR 3140 and section 678.1 of the rules of this court (22 NYCRR 678.1). If a party discloses its appraisals to a third party in such a way that it can be said to have vouched for its authenticity, the appraisals are discoverable (see, e.g., *Erie Lackawanna Ry. Co. v State of New York,* 54 AD2d 1089; *Matter of Town of Oyster Bay [Bruce],* 54 AD2d 762). However, the county's disclosure of the four appraisals to the State did not amount to disclosure to a "third party". The county, a municipal corporation (see County Law, § 3) is merely an agent of the State (see *Williams v Eggleston,* 170 US 304, 310) and not a separate sovereign (see *Matter of La Guardia v Smith,* 288 NY 1). Further, the appraisals were submitted to the State "for internal budgeting purposes only", since the actual amount which the State agreed to contribute (50% of the cost of acquisition) can only be determined after final judgment is awarded (see *Matter of Town of Oyster Bay [Bruce],* 54 AD2d 762, 763, *supra; White Plains Urban Renewal Agency v Einhorn,* 38 AD2d 979). Defendants demand from plaintiff: (1) an appraisal prepared for plaintiff in 1966, "because of the threat of condemnation, among other

things"; (2) an "update" of that appraisal in 1969; (3) an "explanation" of the "update" in 1970; and (4) an appraisal prepared for plaintiff in 1973. In 1966, when the first appraisal was prepared, there was some talk in the newspapers that county officials contemplated the acquisition of further park land in the general area of plaintiff's property. However, the affidavit submitted by the appraiser, Edward Cook, acknowledges that that appraisal was prepared because of the "threat of condemnation, among other things." Appraisals which are prepared " 'for, among other purposes, the purpose of possible litigation' " are discoverable, because they are not prepared solely for litigation (see Rome Urban Renewal Agency v Schneible, 64 Misc 2d 566, 567). Therefore, the 1966 appraisal is discoverable. Similarly, the 1969 "update" and 1970 "explanation" are discoverable, since there was no showing that that material was prepared exclusively or even primarily for litigation. Moreover, the values reflected in the 1973 appraisal were used internally to compute trust commissions, and were reported to the beneficiaries who used those figures in their 1974 tax returns. Since that appraisal was used for purposes other than litigation it is also discoverable. However, any advice in those documents "as to the threat of the Land being taken by the County in condemnation" may be redacted by plaintiff, since that would be material prepared exclusively for litigation. Since these documents should speak for themselves, further disclosure, by oral deposition, with respect to their contents and preparation is unnecessary. We have carefully considered the parties' remaining contentions and find them to be without merit. Damiani, J. P., Mangano, Rabin and Gulotta, JJ., concur.