■ In the Matter of HICKSVILLE PROPERTIES, INC., Appellant, v BOARD OF ASSESSORS and/or ASSESSOR OF THE COUNTY OF NASSAU et al., Respondents.—In a consolidated tax certiorari proceeding, petitioner appeals from a judgment of the Supreme Court, Nassau County (Farley, J.), entered May 2, 1984, which denied its application to reduce the total real estate tax assessment for tax years 1969/1970 to 1974/1975 on the property owned by it and identified on the Nassau County land and tax map as section 11, block 351, lot 3, and only partially granted its application to reduce the total real estate tax assessment for tax years 1975/1976 to 1982/1983, upon the ground that said reductions were inadequate.

Judgment reversed, on the law and the facts, with costs, and a new trial granted.

On the trial of this real estate tax assessment review proceeding, petitioner sought to impeach the county's expert appraisal witness with an unfiled prior inconsistent written appraisal. The trial court ruled against admission of the report into evidence on the ground that it was material prepared solely for litigation and immune from disclosure under CPLR 3101 (d). By statute (CPLR 3140) and court rule (former 22 NYCRR 678.1, present 22 NYCRR 202.59 [g] [1]),

the parties to a tax assessment review proceeding are directed to exchange all appraisal reports intended to be used at trial. Unfiled reports used for settlement negotiations and not intended for use at trial generally remain immune from discovery as material prepared solely for litigation (see, CPLR 3101 [d]; *First Natl. City Bank v State of New York*, 72 AD2d 762, 763; *Swartout v State of New York*, 44 AD2d 766; *Erie Lackawanna Ry. Co. v State of New York*, 54 AD2d 1089; *Matter of Town of Oyster Bay [Bruce]*, 54 AD2d 762). However, where an unfiled appraisal report was prepared by a party's trial expert and is inconsistent with his trial testimony, the unfiled report may be introduced into evidence for impeachment purposes and used to cross-examine the witness (see, CPLR 4514; Richardson, Evidence § 502 [Prince 10th ed]; *Swartout v State of New York, supra; Matter of City of New York [Brooklyn Bridge Southwest Urban Renewal Project]*, 50 Misc 2d 478, 480). Accordingly, it was error to deny appellant's application to place the unfiled report in evidence for impeachment purposes. .

We find unpersuasive respondent's argument that the error was harmless, and its reliance upon *Wettlaufer v State of New York* (66 AD2d 991) is misplaced. There, the Fourth Department determined that the trial court erred in refusing to direct production of the prior appraisal of the subject property made by the expert witness called by the State, but that the error was harmless as the "[c]laimant's attorney * * * was allowed to cross-examine the expert witness as to all aspects of the prior appraisal" (*Wettlaufer v State of New York, supra,* at p 993). Petitioner's attorney was not permitted to cross-examine as to all aspects of the prior appraisal. Indeed, the only question permitted, in addition to those required to lay a foundation, was not answered directly by the witness. Accordingly, we find that the error was not harmless and grant a new trial. Gibbons, J. P., Weinstein, Eiber and Kooper, JJ., concur.