■ WILLIAM B. GEORGE et al., Respondents, v STATE OF NEW YORK, Appellant. (Claim No. 69425.)—Judgment unanimously modified on the law and as modified affirmed without costs, in accordance with the following memorandum: The State appropriated a portion of claimants' property in two takings on May 28, 1981 and June 16, 1981. Only the taking of June 16, 1981 is involved in this appeal. At the hearing, claimants offered appraisal No. 3 (Girasole appraisal) into evidence contending that the State, by using data from this appraisal, had adopted it, rendering it admissible as a basis for determining whether claimants sustained indirect damages as a result of the taking. The State contends that it did not adopt the Girasole appraisal but rejected it on technical grounds, stored it along with other appraisals, both accepted and rejected, in its data bank. The State further contends that in preparing its updated appraisal on the appropriated parcel it utilized data from the Girasole report relating to three comparable kennel sales but did not use the Girasole valuations or opinions.

The reference in the State's updated appraisal to the three kennels contained in the Girasole appraisal, in the circumstances of this case, did not constitute an adoption of the appraisal by the State so as to render it admissible as an admission against interest with respect to value of, or damage to, the appropriated parcel *(see, Niagara Falls Urban Renewal Agency v Clifton Holding,* 43 AD2d 900; *City of Binghamton v Arlington Hotel,* 30 AD2d 585). Moreover, absent the inadmissible Girasole report we find no evidentiary support for the award of $23,800 in consequential damages. Respondents have sustained no loss of privacy distinct from the noise factor and it would be inappropriate to award damages for increased traffic noise on the facts of this case *(see, Dennison v State of New York,* 22 NY2d 409; *Valicenti v State of New York,* 35 AD2d 610).

The judgment is modified by vacating the award of $23,800 for consequential damages. (Appeal from judgment of Court of

Claims, NeMoyer, J.—appropriation.) Present—Doerr, J. P., Boomer, Pine, Balio and Davis, JJ.