■ DANIEL MEYERS et al., Appellants, v STATE OF NEW YORK, Respondent. (Claim No. 78127.) [626 NYS2d 216] —In a claim to recover damages resulting from a condemnation, the claimants appeal, on the ground of inadequacy, as limited by their brief, from so much of a judgment of the Court of Claims (Rossetti, J.), dated July 14, 1993, as, after a nonjury trial, is in their favor and against the defendant in the principal amount of $37,850.

Ordered that the judgment is affirmed insofar as appealed from, with costs.

The claimants failed to prove that their property was separated from the Village of Lawrence as a result of the construction of the Nassau Expressway and the defendant's taking of a one-foot-wide strip at the rear of the property. The claimants also failed to prove that they are entitled to compensation for noise and increased traffic (see, Dennison v State of New York, 22 NY2d 409; Valicenti v State of New York, 35 AD2d 610; Kauffman v State of New York, 43 AD2d 1004, affd 36 NY2d 745).

The severance damages and the cost-to-cure damages adequately compensated the claimants for the loss of access from

Doughty Boulevard to their garage (see, Priestly v State of New York, 23 NY2d 152; Matter of County of Rockland [Kohl Indus. Park Co.], 147 AD2d 478). Moreover, the damages awarded by the Court of Claims are within the range of damages to which the experts testified at the trial of this claim (see, Matter of City of New York [Reiss], 55 NY2d 885; City of Batavia v Bolas, 174 AD2d 993; City of Buffalo v Goldman, 63 AD2d 828, 829; Kommit v State of New York, 60 AD2d 945).

We have examined the claimants' remaining contentions and find them to be without merit. Sullivan, J. P., O'Brien, Ritter and Goldstein, JJ., concur.