■ Gus Schad, Respondent-Appellant, v State of New York, Appellant-Respondent. [659 NYS2d 765] —In a condemnation claim, the State of New York appeals from so much of an order of the Court of Claims (Silverman, J.), entered December 16, 1996, as granted that branch of the claimant's motion which was for discovery of its A-4 report and supporting documents, and the claimant cross-appeals from so much of the same order as denied that branch of his motion which sought an order of preclusion.

Ordered that the order is reversed insofar as appealed from, on the law, and that branch of the claimant's motion which was for discovery of the defendant's A-4 report is denied; and it is further,

Ordered that the order is affirmed insofar as cross-appealed from; and it is further,

Ordered that the defendant is awarded one bill of costs.

The claimant herein was the owner of certain real property located in the Town of Islip which was appropriated by the State in connection with its Sunrise Highway Extension Project. The State Department of Transportation obtained an appraisal of the property upon which it based an offer of settlement. The claimant accepted the offer as an advanced payment and commenced the instant claim for just compensation. There-

after, the claimant sought disclosure, *inter alia,* of both the appraisal and a document known as an A-4 report which was based on the appraisal. The State resisted disclosure on the ground that the documents in question constituted material prepared for litigation. The Court of Claims directed the State to disclose the documents, but denied the claimant's request for sanctions under CPLR 3126.

As a general rule, documents such as the A-4 report and the underlying appraisal enjoy the conditional immunity from disclosure which is conferred on material prepared for litigation by CPLR 3101 (d) *(see, First Natl. City Bank v State of New York,* 72 AD2d 762; *Matter of Town of Oyster Bay [Bruce],* 54 AD2d 762).* However, such material loses its immunity under circumstances where "the State has adopted the appraisal in question by using it in dealing with some third party in such a way that it can be said to have vouched for its authenticity" *(Erie Lackawanna Ry. Co. v State of New York,* 54 AD2d 1089; *First Natl. City Bank v State of New York, supra; Backer v State of New York,* 60 AD2d 996). Contrary to the claimant's contention, the A-4 report and the underlying appraisal here were never sent or submitted to the Federal Government. Accordingly, the documents did not lose their immunity from disclosure, and the court therefore erred in directing the State to disclose them *(see, Matter of Town of Oyster Bay [Bruce], supra).*

We find that the court did not improvidently exercise its discretion in denying the claimant's request for sanctions under CPLR 3126. Nor do we find this to be an appropriate case for imposing sanctions upon the State for bringing a frivolous appeal. Joy, J. P., Goldstein, Florio and McGinity, JJ., concur.