McCarthy, J.
Claimants and certain related entities are owners of four parcels of real property in Sullivan County. They filed the first two of the instant claims because defendant had appropriated portions of their property in furtherance of a highway reconstruction project by the Department of Transportation (hereinafter DOT) to bring Route 17 into compliance with federal highway standards. Claimants commenced the third claim alleging that DOT trespassed and caused property damage to the unseized portions of the parcels by using the land during the construction process and altering the surrounding property so as to create flooding and drainage issues. The three claims were later joined for trial.
Before DOT appropriated any property, DOT retained Pomeroy Appraisal Associates, Inc. to appraise the parcels at issue. In furtherance of their third claim, claimants served a subpoena on Pomeroy seeking appraisals, valuations, reports, notes and photographs regarding the condition of the property before the construction began. Defendant moved to quash the subpoena. The Court of Claims granted defendant’s motion. Claimants appeal.
The Court of Claims erroneously granted defendant’s motion to quash because claimants demonstrated their entitlement to the subpoenaed materials. Materials prepared in anticipation of litigation enjoy conditional immunity and are subject to disclosure only upon a showing of substantial need of the materials to prepare for trial and the inability to obtain equivalent materials by other means without undue hardship (see CPLR 3101 [d] [2]). An appraisal report in an appropriation claim loses its immunity when the document is “adopted” by *917 defendant (see Erie Lackawanna Ry. Co. v State of New York, 54 AD2d 1089, 1089 [1976]), including when defendant submits the document to the federal government to demonstrate compliance with federal regulations in order to obtain funds or reimbursement (see Barnes v State of New York, 67 AD2d 1065, 1066 [1979]; Matter of Town of Oyster Bay [Bruce], 54 AD2d 762, 763 [1976]; City of Binghamton v Arlington Hotel, 30 AD2d 585, 586 [1968]; compare 815 Assoc. v State of New York, 251 AD2d 538, 539 [1998]; Schad v State of New York, 240 AD2d 483, 484 [1997]).
The parties debated whether defendant adopted Pomeroy’s appraisal here, with claimants arguing that from the outset defendants had a dual purpose for Pomeroy’s appraisal — namely, to prepare defendant for litigation with claimants pursuant to the EDPL (see EDPL 302, 303; 22 NYCRR 206.21 [b]) and to substantiate defendant’s application for federal funding (see Uniform Relocation Assistance and Real Property Acquisition Policies Act, 42 USC §§ 4601-4655; 49 CFR 24.101-24.108). Although defendant may have adopted the appraisal by relying on it when submitting electronic notification to the federal agency as part of the application for federal reimbursement, knowing that the agency has the authority to audit defendant and request supporting documentation such as the appraisal for review (see Barnes v State of New York, 67 AD2d at 1066; compare 815 Assoc. v State of New York, 251 AD2d at 539; Schad v State of New York, 240 AD2d at 484; Niagara Falls Urban Renewal Agency v Clifton Holding, Inc., 43 AD2d 900, 900-901 [1974]),* we need not decide whether the appraisal documents were created solely for litigation purposes.
Even if the documents were prepared solely in anticipation of litigation, claimants demonstrated that the conditional immunity should not prevent disclosure because they have a substantial need and an inability to otherwise obtain the documents. Claimants submitted an expert report concluding that the property has been damaged by defendant’s actions, along with claimant Barbara Lerner’s affidavit concerning the changes in the property since DOT reconstructed the highway and exit ramp adjacent to claimants’ parcels. Claimants submitted three photographs from approximately 1991, but stated that they had *918 no other documentation of the condition of the property prior to the construction, which would force them to rely only on testimony concerning the historical condition of the property. On the other hand, Pomeroy took notes, wrote an appraisal report and photographed the property only a short time before defendant began the construction, thereby creating documentation that is not available elsewhere. The Court of Claims even acknowledged that the subpoenaed documents were relevant to the claim for property damage, to prove the condition of the property immediately before the construction. Thus, even if the documents were drafted solely for litigation purposes, the appraisal and supporting documents would be subject to disclosure based on claimants’ substantial need and their lack of another source for that proof (see CPLR 3101 [d] [2]).
Assuming, without deciding, that Pomeroy was a nonparty (as opposed to defendant’s agent), to obtain disclosure, claimants were required to demonstrate something more than simple relevance and materiality, such as that the information cannot be discovered through other sources or that it is otherwise necessary for trial preparation (see American Heritage Realty LLC v Strathmore Ins. Co., 101 AD3d 1522, 1523-1524 [2012]; Matter of Troy Sand & Gravel Co., Inc. v Town of Nassau, 80 AD3d 199, 201-202 [2010]; Kooper v Kooper, 74 AD3d 6, 16-18 [2010]). Barbara Lerner’s affidavit established that she, her family members and one employee could provide personal knowledge and general recollection regarding the historical condition of the property, but that they only had three old pictures to depict the parcel. Pomeroy’s report, notes and photographs were the only source of detailed documentation of the property condition as it existed immediately prior to the construction that allegedly damaged the property. Because that information is necessary to support the claim and not available from another source, claimants have demonstrated that the subpoena should not be quashed even if Pomeroy is considered a nonparty (see American Heritage Realty LLC v Strathmore Ins. Co., 101 AD3d at 1524).
Rose, J.P., Lahtinen and Garry, JJ., concur. Ordered that the order is reversed, on the law, without costs, and motion denied.

 Defendant submitted an affidavit of the director of DOT’s Office of Right of Way averring that the subject project was reimbursable by the Federal Highway Administration and that said agency has the authority to review project appraisals for federally reimbursable projects, but it has not reviewed appraisals for many years and did not review or request a copy of the appraisal here.