Matter of Klein v County of Suffolk (2019 NY Slip Op 01413)





Matter of Klein v County of Suffolk


2019 NY Slip Op 01413


Decided on February 27, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 27, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

JOHN M. LEVENTHAL, J.P.
SYLVIA O. HINDS-RADIX
COLLEEN D. DUFFY
VALERIE BRATHWAITE NELSON, JJ.


2017-10664
 (Index No. 607511/16)

[*1]In the Matter of Neil Klein, et al., respondents,
v
County of Suffolk, appellant.


Berkman, Henoch, Peterson, Peddy & Fenchel, P.C., Garden City, NY (Saul R. Fenchel and Carter Ledyard & Milburn LLP [John R. Casolaro and Michael H. Bauscher], of counsel), for appellant.
Flower Medalie & Markowitz, Bay Shore, NY (Edward Flower of counsel), for respondents.



DECISION & ORDER
In a condemnation proceeding, the County of Suffolk appeals from an order of the Supreme Court, Suffolk County (John J. Leo, J.), dated July 31, 2017. The order, insofar as appealed from, granted that branch of the petitioners' motion which was to compel the County of Suffolk to respond to their interrogatories numbered 14 through 17 and to produce item number 18, and, sua sponte, directed the County of Suffolk to produce "all appraisals, and not limited only to those submitted."
ORDERED that on the Court's own motion, the notice of appeal from so much of the order as, sua sponte, directed the County of Suffolk to produce "all appraisals, and not limited only to those submitted" is deemed to be an application for leave to appeal from that portion of the order, and leave to appeal is granted (see CPLR 5701[c]); and it is further,
ORDERED that the order is modified, on the law, by deleting the provision thereof directing the County of Suffolk to produce "all appraisals, and not limited only to those submitted," and substituting therefor a provision directing the County of Suffolk to produce "all appraisals submitted by the County of Suffolk to the federal government in connection with this property"; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.
In April 2016, the County of Suffolk acquired an easement over a portion of the petitioners' property located on Fire Island by eminent domain as part of a federally-funded construction project to reduce hurricane and storm damage at the Fire Island Inlet. The County's experts developed certain appraisals relating to the petitioners' property, which were submitted via the State of New York to the federal government for the purpose of reimbursing the County the amount actually paid for the real property interest it acquired. The petitioners rejected the County's offer of settlement, and filed a claim for just compensation. Thereafter, the petitioners served a first set of interrogatories and demand for production of documents seeking, inter alia, disclosure of the appraisals submitted by the County to the federal government prior to the County's acquisition of the easement over their property. The Supreme Court, inter alia, directed the County to respond to the interrogatories and to disclose all appraisals obtained by the County. The County appeals.
An appraisal report such as those sought by petitioners here loses its immunity under circumstances where the condemnor "has adopted the appraisal in question by using it in dealing with some third party in such a way that it can be said to have vouched for its authenticity" (Erie Lackawanna Ry. Co. v State of New York, 54 AD2d 1089, 1090; see 815 Assoc. v State of New York, 251 AD2d 538, 539), including when the condemnor submits the document to the federal government to demonstrate compliance with federal regulations in order to obtain funds or reimbursement (see Lerner v State of New York, 113 AD3d 916, 916-917; Barnes v State of New York, 67 AD2d 1065, 1066). Any appraisal report submitted by the County to the federal government for the purpose of obtaining reimbursement of the amount actually paid to the petitioners for the acquisition of the easement was "adopted" by the County and thus is subject to disclosure.
Accordingly, we agree with the Supreme Court's granting of that branch of the petitioners' motion which sought to compel the County to respond to interrogatories numbered 14 through 17, which sought information concerning any appraisal submitted to the federal government for the purpose of obtaining federal reimbursement of the cost of the easement, and to produce item number 18, which sought a copy of any such appraisal. However, the court should not have, sua sponte, directed the County to produce all appraisals, rather than only those appraisals which were submitted to the federal government in connection with the subject property (see 815 Assoc. v State of New York, 251 AD2d at 539).
LEVENTHAL, J.P., HINDS-RADIX, DUFFY and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court