Hidden Ponds Home Owners Assn., Inc. v State of New York (2024 NY Slip Op 01294)

Hidden Ponds Home Owners Assn., Inc. v State of New York

2024 NY Slip Op 01294

Decided on March 13, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 13, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
JOSEPH J. MALTESE
WILLIAM G. FORD
CARL J. LANDICINO, JJ.

2020-01703

[*1]Hidden Ponds Home Owners Association, Inc., appellant, 
v
State of New York, respondent. (Claim No. 124911)

Litt Law Group, LLC, Rockville Centre, NY (Robert G. Litt of counsel), for appellant.
Letitia James, Attorney General, New York, NY (Anisha S. Dasgupta and Ester Murdukhayeva of counsel), for respondent.

DECISION & ORDER
In a claim to recover damages arising from a partial taking of real property, the claimant appeals from a judgment of the Court of Claims (Gina M. Lopez-Summa, J.), dated January 8, 2020. The judgment, insofar as appealed from, upon a decision of the same court dated August 16, 2019, made after a trial, awarded the claimant the principal sum of only $593,216, and denied so much of the claim as sought to recover consequential damages for increased traffic noise arising from the partial taking.
ORDERED that the judgment is affirmed insofar as appealed from, with costs.
The State of New York appropriated a strip of land owned by the claimant, Hidden Ponds Home Owners Association, Inc., for the purpose of adding a traffic lane to State Route 347. The claimant commenced this claim to recover damages allegedly arising from the State's partial taking. After a trial, the Court of Claims awarded the claimant direct damages, site improvement damages, temporary easement damages, and consequential damages caused by a decrease in property value for units that became non-conforming with regard to zoning setback requirements. The court declined to award the claimant consequential damages for increased traffic noise arising from the partial taking, finding the claimant's evidence to be speculative. The claimant appeals.
Just compensation puts a property owner in the same relative position it would have enjoyed had the taking of private property for public use not occurred (see US Const, 5th Amend; NY Const, art I, § 7[a]; 520 E. 81st St. Assoc. v State of New York, 99 NY2d 43, 47). "[J]ust compensation includes not only the direct damages for the portion that was taken, but also any consequential or indirect damages caused by the taking that impaired the remaining portion of the property" (Lerner Pavlick Realty v State of New York, 98 AD3d 567, 568).
Here, the claimant failed to meet its burden of proof to establish consequential damages caused by increased traffic noise arising from the partial taking and to furnish a basis upon which a reasonable estimate of those damages could be made (see id. at 568). An increase in noise levels may contribute to consequential damages when there has been a partial taking of property possessing quietude, tranquility, and privacy (see Dennison v State of New York, 22 NY2d 409; [*2]Valicenti v State of New York, 35 AD2d 610). Here, however, prior to the taking, the property had more than 2,000 feet of frontage on State Route 347, a divided four-lane roadway with a center median. The claimant provided no factual evidence that any significant increase in noise remained after the State constructed sound barriers along Route 347 in the area of the taking. Accordingly, the claimant failed to prove entitlement to consequential damages for increased traffic noise arising from the partial taking (see Meyers v State of New York, 215 AD2d 357; George v State of New York, 134 AD2d 847; Bronxville Palmer v State of New York, 36 AD2d 10, mod 30 NY2d 760).
As the Court of Claims' determination is supported by evidence and adequately explained by the court (see Matter of City of New York [Reiss], 55 NY2d 885, 886; Matter of Chynn v County of Suffolk, 204 AD3d 905), it is entitled to deference and will not be disturbed on appeal (see Matter of Queens W. Dev. Corp. [Nixbot Realty Assoc.], 139 AD3d 863, 866).
BRATHWAITE NELSON, J.P., MALTESE, FORD and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court