## In re BENSEL et al.

(Supreme Court, Appellate Division, Third Department. July 8, 1913.)

1. EMINENT DOMAIN (§ 132*)—AMOUNT OF COMPENSATION—ENHANCED VALUE.
   In the case of a claimed enhancement of real estate sought to be condemned, such as the ginseng bed upon a farm, the legal value of such enhancement is primarily the difference between the market value of the land with and without it.
   [Ed. Note.—For other cases, see Eminent Domain, Cent. Dig. § 357; Dec. Dig. § 132.*]

2. EMINENT DOMAIN (§ 202*)—COMPENSATION—EVIDENCE—ENHANCED VALUE.
   Where the rule of valuation of real estate enhanced by a ginseng bed could not be applied because there had been no sales sufficient to establish a market price for such improved land, evidence as to what would be the net returns from both seeds and roots on maturity six years hence was wholly conjectural and incompetent, but it appearing that ginseng plants were transplanted one or more times during their growth, and that there was some market value for them at different stages of growth, it was proper to show how many plants the owner had of different years' development, and what was the market value of each lot.
   [Ed. Note.—For other cases, see Eminent Domain, Cent. Dig. § 541; Dec. Dig. § 202.*]

3. EMINENT DOMAIN (§ 132*)—AMOUNT OF COMPENSATION—GROWING PLANTS OR CROPS.
   Where a city acquired farm land having a ginseng bed with seed in the ground which had not germinated or matured into plants, and which was valued apart from the land, the original cost or market value of the seed as such was allowable, and also a small estimated valuation in addition by reason of its having been planted for a considerable time.
   [Ed. Note.—For other cases, see Eminent Domain, Cent. Dig. § 357; Dec. § 132.*]

Appeal from Special Term, New York County.

Application by John A. Bensel and others, constituting the Board of Water Supply of the City of New York, to acquire real estate in the Towns of Olive and Hurley, Ulster county, N. Y., for the purpose of providing an additional supply of pure and wholesome water for the use of the City of New York. From a report and awards of the commissioners of appraisal, Ashokan reservoir, section No. 13, so far as affects parcel No. 643, Emma Cudney, claimant, and from the order of confirmation, the City of New York appeals. Award and order affirmed.

Argued before SMITH, P. J., and KELLOGG, LYON, HOWARD, and WOODWARD, JJ.

Archibald R. Watson, of New York City, for appellant.
A. T. Clearwater, of Kingston, for respondent.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date. & Rep'r Indexes

SMITH, P. J.   This appeal is taken by the city of New York on account of a lump sum award of $8,707.50, besides witness and counsel fees amounting to about $600, allowed to the owner for the acquisition by said city of a small farm of 14¼ acres.   Upon the farm was a ginseng bed 31 by 60 feet in size, containing about 8,000 plants of different ages and 15,000 seeds planted a few months before, and not above the ground.   The value of the tract of land including all buildings thereon, but apart from the value of the ginseng, was testified to by claimant's witnesses at from $5,500 to $5,600 and by the appellant's witnesses at $2,200.   The claim filed was for $32,000.   Upon the hearing evidence was given by claimant's witnesses that the ginseng enhanced the value of the tract by more than $24,000.

[1, 2] In the case of a claimed enhancement of real estate, such as the ginseng bed in question, the legal value of such enhancement is primarily the difference between the market values of the land with and without the enhancement.   But this rule of valuation is not always capable of application.   We may assume that there has not been a sufficient number of sales of land having ginseng beds to establish a market price for such lands.   Under such conditions, the commissioners in this case were required to ascertain the value of this land thus enhanced by other proofs.   Evidence was given on behalf of claimant as to what would be the net returns from both seeds and roots if all the plants and seeds in this ginseng bed were allowed to come to maturity, which as testified to requires about six years.   Such evidence as to what the possible or probable value of the ultimate crop at maturity might be is wholly conjectural and therefore was clearly incompetent. It appears, however, that ginseng plants are transplanted one or more times during their growth, so that there must be some market value for the plants at different stages of their development.   It was therefore proper to show, as was done by the testimony of one of claimant's witnesses upon cross-examination, how many plants the owner had of different years' development and what was the market value of each lot.

[3] As to the seed in the ground at the time the city acquired title to this property, and which had not then germinated or matured into plants, there is more difficulty in determining how its value should be ascertained.   Clearly the market value of the seed as such is allowable and possibly a small estimated valuation in addition by reason of its having been planted for a considerable period of time.   One of claimant's witnesses swore on cross-examination, as mentioned, to the value of these plants in the ground at different stages of growth, and also that the value of the seed in the ground was seven cents apiece; and his valuation of the plants and a valuation of the seed not at his rate of seven cents, but at its original cost or market value were substantially the amounts actually awarded by the commissioners.   They may accordingly be deemed to have followed this method of valuing the ginseng beds if we assume that they estimated the value of the land apart from the ginseng at the figures given by claimant's witnesses, which assumption we make by the consent of appellant's counsel upon the argument.

It is thus apparent that the commissioners did not adopt a rule of valuation based upon prospective profits; for, if such rule had been adopted and applied, the award would have been much larger. The award made was fairly within the evidence under the rule approved of by us, and should not be disturbed. Award and order appealed from should be affirmed, with costs.

Award and order unanimously affirmed, with costs.