Richard S. Heller, J.
These two claims were tried together without consolidation pursuant to an order of this court made on January 2,1957. In claim No. 32839 claimants seek recovery of damages for appropriation of about 10.122 acres of land and a permanent easement over about 0.325 acres of land. In claim No. 34235 claimants seek recovery of damages for the appropriation of a temporary easement over about 0.457 acres of land.
Prior to any taking by the State, claimants owned a plot of land in the shape of an irregular triangle containing about 23 acres. The northerly boundary ran along an area about 1,547 feet on the south line of Horace Harding Boulevard which was a three-lane highway running westward to the city of New York. The northwest corner of the plot lay at the intersection of Horace Harding Boulevard and Lakeville Road and the west *371 line of the property ran south from that point along the east line of Lakeville Road a distance of about 970 feet. The plot also had about 67 feet of frontage on Old Lakeville Road about 349 feet south of the frontage on Lakeville Road.
The plot contained gently rolling land and the highest and best use was for residential development. The plot was zoned Residence B with the requirement that each building lot contain not less than 10,000 square feet of land. No public sewage facilities were available but this would not have prevented residential development.
On March 3, 1953 there were filed in the office of the Department of State copies of the maps and description of Parcel 3A and Parcel 5 and these maps and descriptions were filed in the office of the Clerk of Nassau County on October 3,1953. The notices of appropriation were served personally on the claimants on December 14, 1954, this claim having been filed on October 21,1954.
Parcel 3A was an appropriation in fee of about 10.122 acres. The plot appropriated lay along the northerly line of claimants’ property. The southerly line of the plot appropriated was roughly parallel to the south line of Horace Harding Boulevard at a distance of about 245 feet south therefrom. The plot appropriated included about 304 feet of claimants’ frontage on Lake-ville Road.
Parcel 5 was an appropriation of a permanent easement ‘ ‘ for the purpose of constructing, reconstructing and maintaining thereon, excavations and slopes where necessary” over a strip about 11 feet wide running along the entire southerly line of the fee appropriated, from claimants’ west line on Lakeville Road to their east line.
The appropriations were made pursuant to section 30 of the Highway Law for construction of the Horace Harding Expressway Extension as authorized by section 341 of the Highway Law. This is an extension of the New York City arterial highway provided for in section 349-f of the Highway Law known as the Horace Harding Expressway running from Queens Boulevard to the Nassau County line.
A dispute on the trial involved the existence or nonexistence of a right of access from claimants ’ remaining land to the easement and fee appropriated. Claimants’ testimony as to value was based upon the premise that no right of access existed.
The proof supports the claimants ’ position. The highway use for which the fee and easement were appropriated falls within the definition of a controlled access highway. (Highway Law, § 3, subd. 2.) Under that definition, the State could have pre *372 served a right of access for these claimants to the service road shown on plans dated in 1955, some 18 months after the taking, but this it did not do. Its plans and arguments which fall short of any stipulation or admission that claimants have a right of access, constitute nothing more than a statement of intention which was hardly a salable attribute of the land at the time of taking.
Even if a right of access to the service road existed, the extent of the permanent easement taken left the physical exercise of that right to determination by the Superintendent of Public Works. The easement left the use of the northerly 11 feet of claimants’ land subject to the public right to maintain slopes and excavations. Any use by claimants of that property including use for access to the- service road, would always be subject to discontinuance in accordance with the paramount public right appropriated.
After the appropriation, claimants had a plot of land roughly triangular in shape containing about 13 acres with the northerly 11 feet for a total length of about 1,410 feet subject to an easement, with access only for about 666 feet on Lakeville Road and 67 feet on Old Lakeville Road. On the north it abutted a right of way for a State highway in excess of 300 feet in width.
Taking into consideration all the competent and relevant proof of fair market value and having viewed the premises, the court finds that prior to the appropriation of Parcels 3A and 5, claimants ’ property had a fair market value of $191,000. After the taking the remaining property had a fair market value of $87,400. Claimants suffered damage from the appropriation of Parcels 3A and 5 in the amount of $103,600 and claimants are entitled to judgment in that amount, with interest thereon from October 3, 1953 to April 3, 1954 and from October 21, 1954 to the date of the entry of judgment.
On July 30, 1956, the State filed Map No. 175 covering Parcel No. 187 in the office of the Secretary of State. The map and description set forth a tehrporary easement from August 1,1956 to January 31, 1958 over a triangular plot at the northwest corner of claimants’ land remaining after the appropriation in Claim No. 32839. This temporary easement included 320 feet south along Lakeville Road from the southwest corner of Parcel 3 and 135 feet along the southerly boundary of Parcel 3. A strip about 135 feet by 11 feet at the northerly end of Parcel 187 was included in Parcel 5. The entire temporary easement covered about 19,193 square feet of which about 1,485 square feet were subject to the permanent easement described in Parcel 5.
*373 Up to the date of trial no map and description of Parcel 187 had been filed in the County Clerk’s office or served on the claimants. The State however, went into possession of the property described as Parcel 187 on August 1, 1956.
The claimants contend that the measure of damages is the fair rental value of the property actually within the limits of the description plus the reduction in fair rental value of the remaining property resulting from the temporary easement from the date of entry on August 1, 1956 to the designated termination date of January 31, 1958. Claimant also seeks recovery for alleged damage to the property included in the temporary easement by reason of the use to which it was being put at the time of trial.
The difficulty is that the court has no basis for finding any such damages. Piling in the office of the Secretary of State gave the State a right of entry and possession. (Highway Law, § 30, subd. 5.) Under subdivision 7 of section 30 of the Highway Law, however, the Superintendent of Public Works may change, alter or modify maps and descriptions filed in the office of the Secretary of State where such maps and descriptions have not been filed in the appropriate County Clerk’s office. Where a temporary easement is involved the words ‘ ‘ changes, alterations or modifications of such description ’ ’ include the period of time for which the interest has been appropriated. The description itself indicates the possible shortening of the period.
Here then, the interest appropriated may be lengthened or shortened by act of the Superintendent of Public Works. There has been an appropriation but the extent of the appropriation has not been fixed. Any award beyond the situation as it existed at the date of trial would involve assumptions as to fixed rights and this court may not engage in such assumptions. The allegations and proof as to additional damage involved in restoration of the property to its prior condition and permanent damage to utilization of the property for its highest and best use likewise involve assumption and speculation.
Claimants have suffered damage by reason of the taking by the State but on this claim and proof the award must be limited to the nonspeculative damages involved and therefore may include only fair rental value of the property actually taken and loss of fair rental value of the remaining property for the period from August 1,1956 to April 1,1957.
Claimants have suffered damage by reason of the temporary easement of which the State has taken possession pursuant to the map and description filed in the office of the Secretary of State, Such damage was not limited solely to the property *374 occupied by the State but extended to and affected the availability for development of claimants’ remaining land. Under these circumstances, claimants are entitled to damages in the amount of $3,850, together with interest from August 1, 1956 to entry of judgment, for the occupancy by the State of the property included in Parcel 187 as shown on Map No. 175 and the resulting damage by reason thereof to the claimants’ remaining land for the period from August 1, 1956 to April 1,1957. Such award is without prejudice to and in no way bars the filing of a further claim for any damages for occupancy by the State after April 1, 1957 or for such physical damages to the land as claimants may be able to show when the State’s occupancy has ended.
The claim has not been assigned.
The foregoing constitutes the written and signed decision of the court. (Civ. Prac. Act, § 440.)