■ Roger Mead et al., Appellants, v. State of New York, Respondent. (Claim No. 38919.) — Aulisi, J. Appeal from a judgment of the Court of Claims awarding the sum of $20,250 for the appropriation of a temporary easement of lands owned by claimants-appellants in the Town of Vestal, County of Broome. The area affected by the easement was 6.607 acres out of a total ownership of 8.31 acres. The property fronted on Vestal Parkway where the highest and best use was found to be commercial with the remainder available for residential purposes. The State excavated over 100,000 cubic yards of earth altogether and approximately 17,700 cubic yards within 200 feet of the Parkway. The Court of Claims found that the value of the property was increased $20,000 after the taking and that the fair and reasonable rental value of the easement for the one year and nine months period of appropriation was the sum of $20,250. The enhancement in the over-all value is attributable to the removal of the fill along Vestal Parkway thereby lowering the property to road level and enhancing its availability for commercial development. The court also found that the damage of $15,000 that the excavating caused to the residential area was offset by the increased value resulting from the greater utility of the commercial frontage. Appellants contend that they were insufficiently compensated in that the value of the fill taken must be a part of the direct damage to the land and the enhanced after value cannot erase the damage to the residential area or in any event only the actual cost of the State's work from which the enhancement resulted may be setoff. The taking of a temporary easement entitles the landowner to recover the loss in rental value during the term of such appropriation plus further damage, if any, caused to the fee (*Spencer* v. *State of New York*, 206 App. Div. 376; *City of Yonkers* v. *A. & J. Ciancialli, Inc.*, 117 N. Y. S. 2d 792; 4 Nichols, Eminent Domain [3d ed.], § 12.5). Where the property contains deposits constituting part of the realty which enhance the value of the property these elements can be considered when establishing the market or rental value but are not valued separately as severable items separate from the leasehold (*Matter of Bensel* [*Ashokan Reservoir*], 158 App. Div. 41, affd. 210 N. Y. 623; *Matter of Simmons*, 58 Misc. 581, 591; *Matter of Board of Supervisors*, 170 N. Y. S. 1069; 4 Nichols, Eminent Domain [3d ed.], § 13.2). The expert for the State set the rental value for the temporary easement at $8,177. He attached no value to the fill finding it available in the area without cost. Appellants' appraiser valued the easement at $23,317 and the taking of the fill at 25 cents per cubic yard for the sum of $25,300 although upon appeal it is admitted that 20 cents per cubic yard is adequate compensation. The Court of Claims' determination is within the range of the expert testimony assuming proper consideration was given to the value as enhanced by the fill value and in our view is an appropriate award in the instant case. Although it did not separately establish the value of the fill, we cannot say as a matter of law that this was reversible error. Appellants contend that the refusal to specifically find claimants entitled to direct damage for the removal of the fill dirt shows that such value was not considered by the court. We do not agree inasmuch as the court properly concluded that a separate award for such material could not be made in the instant case (cf. *Thomas* v. *State of New York*, 19 Misc 2d 212, where it was *stipulated* such was the only damage standard) and the court received testimony as to the value of the fill excavated. This value varied from the 25 cents per cubic yard set by claimants' appraiser to zero by the State. Appellants' other contentions are equally without merit on the record before us. Judgment affirmed, without costs. Gibson, P. J., Herlihy, Reynolds and Taylor, JJ., concur.