Milton Alpebt, J.
This is a claim seeking the recovery of damages for the appropriation of a temporary easement 20± feet wide and 1545± feet in length, being 0.71± acres in area.
The appropriation of the temporary easement was made pursuant to article 12-A of the Highway Law and title 9 of article 2 of the Public Authorities Law, and was for the purpose of constructing and maintaining thereon a private waterline to service a rest area on the New York State Thruway system. Up to the date of trial on April 29, 1968, the easement had not been terminated. Presumably, it would continue to be used until a permanent connection with a water district is effectuated.
The proceeding is described as New York State Thruway, Catskill Section, Subdivision No. 5, Orange County, Map No. 528, Parcel No. 551.
The aforesaid map and description were filed in the office of the Secretary of State on August 9, 1965 and in the office of the Clerk of Orange County on July 20, 1966. Personal service was made on March 23, 1967. Entry was made on the property on August 11, 1965.
The claim was filed with the Clerk of the Court of Claims on March 11, 1967; and with the Attorney-General on March 13, 1967. This claim has not been assigned, except as hereinafter described, or submitted to any other court or tribunal for audit or determination.
The claimant is the owner of the property by reason of a deed dated November 19, 1955 from Marie M. Himmelsbach, grantor, to Nina R. Mazzeo, grantee, recorded in the Orange County Clerk’s office on the 14th day of February, 1956, in Book 1377 of Deeds at page 12. On April 28, 1956, by deed, Nina R. Mazzeo conveyed an undivided one-half interest in the property to Michael J. Battiato, which deed was recorded in the office of the Clerk of Orange County on May 10, 1956 in Book 1385 of Deeds at page 477.
*188 By deed dated November 18,1965, Grace Battiato, individually and as executrix under the last will and testament of Michael J. Battiato, deceased, reconveyed to claimant the undivided one-half interest in the premises. This deed was recorded in the office of the Clerk of Orange County on November 22, 1965, in Book 1730 of Deeds at page 607. On the same date, Grace Battiato assigned to Nina B. Mazzeo any and all rights Grace Battiato had in the subject claim.
The court adopts the description of the appropriated property as shown on the map and description filed in the Orange County Clerk’s office, a copy of which is attached to the claim and the same is incorporated herein by reference.
The temporary easement appropriated in the subject proceeding is located on a permanent easement heretofore granted to the Central Hudson Gas & Electric Corporation for the erection of towers for the transmission of electric power. (See easement granted by Max and Lena Dzerowitz, dated May 25, 1948, recorded in Orange County Clerk’s office June 5, 1948, in Book 1086 of Deeds at page 407, as confirmed and clarified by easement granted by Boudenvine V. S. and Annie W. Giveans, dated November 2,1950 and recorded in Orange County Clerk’s office on November 16> 1950.)
The land taken for the temporary easement was 0.71± acre out of a holding by claimant of 21 ± acres. The temporary easement bisected claimant’s land and was located within the Central Hudson Gas & Electric Corporation easement which covered 9.5± acres of claimant’s land.
The duration of the temporary easement here appropriated could not be determined as of the date of trial on April 29, 1968. The proposed permanent connection for water supply is planned to be with the Consolidated Water District of the Town of Newburgh of Orange County and is planned to be over other lands, but has not yet been effectuated. Accordingly, the State was still using the temporary easement as of the date of the trial. Any award beyond the situation as it existed on the date of trial would involve assumptions in which the court may not engage (Morton v. State of New York, 8 Misc 2d 369, 373). The court, therefore, at this time may make an award only for , the fair rental value of the property taken for the temporary easement from August 11, 1965, the date of entry, to April 29, 1968, the date of trial.
There was testimony on behalf of claimant that the land had been purchased for development purposes, that some plans had been considered along such lines, but that this consideration had not gone so far as to result in a proposed subdivision plan *189 being filed. Such testimony noted that the pipeline was laid on the surface of the land and that its presence could therefore interfere with access road layout that might be made to service claimant’s property on both sides of the temporary easement.
The highest and best use of claimant’s land both before and after the appropriation was for limited residential development even though it was a hilly terrain and even though there was a permanent easement through the middle portion of it for overhead power lines.
The basic measure of compensation in this proceeding is the fair rental value of the property. The owner is not limited in compensation to the use which he makes of the land. It is the fair market (rental) value of the land which controls. (Graham v. State of New York, 51 N. Y. S. 2d 437, 439). However, damage is ‘ ‘ not limited solely to the property occupied by the State but extended to and affected the availability for development of claimant’s remaining land ”. (Morton v. State of New York, supra, pp. 373-374.)
The State’s appraiser valued the temporary easement at $50 per year, which the court finds to be inadequate. Claimant’s appraiser valued the taking on a fee basis and found consequential damages to the remainder in a total amount of $2,575.
After considering the testimony, viewing the premises on two separate occasions, observing the detrimental effect which the exposed pipeline could have in attracting prospective purchasers, and considering the difficulty which would be presented in developing the entire parcel by reason of having the pipeline above the ground, the court is led to the conclusion that the fair market (rental) value of the temporary easement is $25 per month, and appropriate interest thereon, and awards the claimant the sum of $816.67, being the total of the monthly rentals from the date of entry to the date of trial. Appropriate interest should be added to such monthly rentals.
Such award is without prejudice to, and in no way bars the filing of a further claim for any damage for occupancy by the State after April 29, 1968 or for such physical damages to the land as claimant may be able to show when the State’s occupancy has ended (Morton v. State of New York, supra, p. 374).
The claimant is awarded the sum of $816.67 for the total of the monthly fair rental value of the temporary easement from August 11, 1965 to April 29, 1968, with interest thereon from August 11, 1965 to January 20, 1967 and from March 11, 1967 to the date of entry of judgment herein.