OPINION OF THE COURT
 

 Chief Judge Breitel.
 

 In an eminent domain proceeding, appellant Village of Highland Falls sought compensation for temporary and permanent appropriations of property by the State. The subject property is land improved by a water treatment facility. On this appeal, claimant village challenges only the Appellate Division’s reduction of the Court of Claims’ award for the taking of a temporary easement.
 

 In dispute is whether the damages suffered as a result of the State’s appropriation of a temporary easement may be determined retrospectively, or whether the determination of damages must be prospective. Stated more narrowly, the issue is whether the State, upon taking a temporary easement, must compensate a property owner for the possibility, which never eventuates, that the State may obstruct the owner’s use of the property during the entire term of the easement.
 

 There should be an affirmance. It has been held by this court, albeit in a case where the issue was but one among many, that compensation need not be paid for the State’s taking of a temporary easement when there is no actual interference with the property owner’s use of his property
 
 (Great Atlantic & Pacific Tea Co. v State of New York,
 
 22 NY2d 75, 87). In this case, involving as it does a dispute between governmental entities, there is insufficient reason for abandoning that precedent, however differently one might view the issue on a fresh analysis (see, generally,
 
 People v Hobson,
 
 39 NY2d 479, 487-491;
 
 Matter of Eckart,
 
 39 NY2d 493, 498-500).
 

 The village’s property, a water treatment facility situated on 12.6 acres, was subjected to various appropriations by the State for highway purposes. The facility occupied only a relatively small unspecified portion of the tract, or of the part subject to the temporary easement. Some vacant land was taken in fee, a permanent easement for drainage was acquired
 
 *508
 
 over other vacant land, and still other land, together with the treatment facility itself, was subjected to a temporary easement. This appeal concerns only valuation of the temporary easement.
 

 The Court of Claims awarded claimant $85,130, plus interest, for the temporary easement. This award represented the purported rental value of the entire parcel, including the treatment facility itself, for the duration of the easement. The figure was evidently computed by allowing a 10% return on $299,000, the "fair and reasonable market value” of the property, for just under three years. The award would undoubtedly have been appropriate had claimant been deprived of actual use of its property for that period.
 

 The difficulty arises because claimant’s operation of the water treatment facility was rarely significantly interrupted, although the State retained the legal right to exercise some sort of dominion throughout the period of the easement. Apparently, on only three days had there been significant functional interruption.
 

 The Appellate Division, emphasizing the largely untrammeled operation of its facility by the village, reduced the award to $5,640, plus interest, computed by allowing a 10% return on the land value added to the rental value of the treatment facility building only for the three days of interrupted operation. It is to this substantial reduction that the village objects.
 

 The general rule is that property taken in eminent domain is to be valued prospectively from the time of appropriation
 
 (Wolfe v State of New
 
 York, 22 NY2d 292, 295; see 4 Nichols, Eminent Domain [3d ed], § 12.23).
 

 When a temporary easement, contemplating only incidental and contingent use, is appropriated, rather than a permanent interest, however, it may be somewhat more acceptable to permit the use of hindsight in valuing the interest taken. If the condemnation award is made after the easement has expired, it makes practical sense to compute the property owner’s actual damages rather than indulging in speculation on the measure of damages claimant could have contemplated at the time of taking. In some unusual cases, as when the easement is of uncertain duration, if valuation is to be prospective "[t]he factors on which such a forecast must be based are too contingent, too unique for guidance by experience, to
 
 *509
 
 permit rational assessment”
 
 (United States v Westinghouse Co.,
 
 339 US 261, 267).
 

 Not to be ignored, however, although not always measurable, is the damage to a property owner caused by uncertainty regarding the condemnor’s intentions. A temporary easement that leaves the property owner under constant threat that his use of the property may be curtailed or stopped is likely to affect business or other financial decisions even if use is never interrupted in fact. The threat imposed by the condemnor’s legal right to occupy may be almost as damaging as the actual occupation of the property. Damages caused by such uncertainty, difficult as they may be to measure, should generally be compensable.
 

 Nevertheless, retrospective valuation of a temporary easement, looking only to actual entry on the property and interruption of the activity of the property owner, has been sanctioned by this court
 
 (Great Atlantic & Pacific Tea Co. v State of New York,
 
 22 NY2d 75, 87,
 
 supra).
 
 Whatever the merits of that rule if applied generally, its application works no injustice in this case. The Village of Highland Falls, a municipality, suffered no significant economic injury as a result of the temporary easement. The threat that the State would seriously impede operation of the water treatment facility was small because of the inevitable consequences to local residents and the highly contingent and peripheral contemplated use of the temporary easement.
 

 On any view of the matter, as a caveat, it would seem that in valuing the temporary easement, even prospectively, the nature of the easement should be realistically valued in the light of the economic damage the property owner is likely to suffer as a result of the condemnor’s prospective use. Arguably, the easement should not be valued, automatically, as if the condemnor will prevent entirely the property owner’s use of the property, especially where, as here, such pervasive interference is unlikely.
 

 These conclusions are bolstered by language in the easement reserving to the property owner "the right of using said property and such use shall not be further limited or restricted under this easement beyond that which is necessary to effectuate its purposes”. Such language indicates, to some extent, an intention to permit substantially continued use by the property owner (see
 
 Pomeroy v State of New York,
 
 18 Misc 2d 377, 378-379). It signifies, at the very least, that the
 
 *510
 
 village was not to be prevented entirely from operating its water treatment facility.
 

 In sum, the Appellate Division’s award fully compensates the Village of Highland Falls for any damages it actually suffered as a result of the State’s temporary easement. That award is in harmony with such case law as exists. Any conceptual or logical inconsistencies in the method of retrospective computation should await reanalysis in a case where claimant is truly prejudiced. As for this appeal there should be deference to
 
 stare decisis
 
 (see, generally,
 
 People v Hobson,
 
 39 NY2d 479, 487-491,
 
 supra; Matter of Eckart,
 
 39 NY2d 493, 498-500,
 
 supra).
 

 Accordingly, the order of the Appellate Division should be affirmed, without costs.
 

 Judges Jasen, Gabrielli, Jones, Wachtler, Fuchsberg and Cooke concur.
 

 Order affirmed.