■ PAUL HUTT et al., Respondents, v PAUL JOHNSON, Appellant.—In an action, *inter alia,* for specific performance of an option agreement, the defendant appeals from a judgment of the Supreme Court, Nassau County (Murphy, J.), entered February 26, 1987, which, upon granting the plaintiffs' motion for summary judgment, directed the defendant to specifically perform the option agreement between the parties.

Ordered that the judgment is affirmed, with costs.

Regardless of whether the appellant is correct in arguing that, pursuant to the terms of the lease in question, the condemnation of a portion of the leased property resulted in a termination of the lease, we nonetheless agree with the trial court and the respondents that the option to purchase the property remained viable. Although the option agreement is physically incorporated in the lease, the termination of one does not affect the other *(see, Bado Realty Co. v Oetjen,* 5 Misc 2d 914). To the contrary, there is evidence in the record that the lease and the option agreement were intended to be separate and distinct. For example, the option agreement contains a "Streets and Assignment of Unpaid Awards" clause

whereunder the purchaser would be entitled to any unpaid award from a condemnation proceeding by reason of the change of grade of any street or highway. When read together with the provisions of the lease calling for termination of the leasehold upon a taking of any part thereof in a condemnation proceeding, it can be readily deduced that the parties contemplated that even in the event of a taking in condemnation, the option agreement would remain viable.

Moreover, it is the court's obligation "to do equity and compel fair dealing * * * [and] not to aid in clever attempts to escape just obligations" *(Hammer v Michael,* 243 NY 445, 448). What the appellant is seeking to do here is to terminate the lease and void the option agreement based upon a de minimis taking in condemnation. Such a result would be unconscionable and would bring about an inequitable forfeiture of the respondents' valuable option right, which equity will not countenance *(see, J. N. A. Realty Corp. v Cross Bay Chelsea,* 42 NY2d 392; *United Skates v Kaplan,* 96 AD2d 232). Brown, J. P., Lawrence, Weinstein and Eiber, JJ., concur.