■ In the Matter of COUNTY OF NASSAU, Respondent. DAVID MINKIN, Appellant.—In an eminent domain proceeding, the claimant appeals from a final decree of the Supreme Court, Nassau County (McGinity, J.), entered October 2, 1987, which, after a nonjury trial awarded him direct damages in the principal sum of $39,579.11.

Ordered that the final decree is modified, on the law, by deleting from the "tabular abstract" the sum of $39,579.11 and substituting therefor the sum of $68,347; as so modified, the final decree is affirmed, without costs or disbursements.

The claimant owns a rectangular-shaped parcel of land in Levittown which has about 1,300 feet of frontage on Hempstead Turnpike and 500 feet of frontage on Wantagh Avenue. On March 18, 1980, the county acquired an approximately 613,860-square-foot permanent easement and an approximately 34,828-square-foot temporary working easement on the claimant's property, in order to install sewer pipelines. The easements, which were approximately 10 and 20 feet wide, respectively, ran along the perimeter of the property which fronted on Hempstead Turnpike and Wantagh Avenue. Al-

though the record indicates that the pipelines were installed within a six-month period starting in June 1980, the certificate terminating the temporary easement was not filed in the County Clerk's office until January 21, 1982.

At the trial the claimant sought not only to establish direct damages for the taking of the temporary and permanent easements, but he also sought to establish consequential damages attributable to a loss of access to the remainder of the parcel during the term of the temporary working easement.

The Supreme Court found that the claimant was not entitled to recover any damages for loss of access but awarded the claimant $27,250 for the taking of the permanent easements and $12,329.11 for the taking of the temporary easements. In making this latter computation, the court limited the term of the working easement to the six months during which the pipes were actually installed.

The trial court's finding that the permanent easements reduced the value of the fee by 25% finds support in the record. Therefore, we find no basis to disturb the trial court's award of direct damages for the taking of the permanent easements (see, Matter of City of New York [Reiss], 55 NY2d 885, 886; Matter of City of New York [A. & W. Realty Corp.], 1 NY2d 428; Matter of Mikeadam Realty Corp. v Davis, 123 AD2d 631).

The trial court also properly determined that the claimant was not entitled to damages for loss of access due to the taking of the temporary easement. "The established rule of compensation for temporary easements is that a claimant is entitled to recover the loss in rental value, plus further loss, if any, resulting from damages to the fee arising from the use of the easement" (Kauffman v State of New York, 43 AD2d 1004, affd 36 NY2d 745; see also, Great Atl. & Pac. Tea Co. v State of New York, 22 NY2d 75, 87; Mead v State of New York, 24 AD2d 1043). Since the record indicates that the claimant was not denied access and suffered no economic injury due to a loss of access during the term of the working easement, the trial court's decision not to award damages for such loss was proper (see, Village of Highland Falls v State of New York, 44 NY2d 505; cf., Kravec v State of New York, 40 NY2d 1060; Wolfe v State of New York, 22 NY2d 292).

However, the trial court improperly limited the term of the temporary easement to six months. The claimant was entitled to recover the rental value for the subject property from the date of actual entry by the county until the filing of the

termination certificate *(see, Great Atl. & Pac. Tea Co. v State of New York, supra,* at 87). Since the record indicates that construction work commenced in June 1980 and the termination certificate was filed on January 21, 1982, the rental value of the temporary easement should be calculated for 20 months. Thus, the claimant is entitled to damages for the taking of the temporary easement in the amount of $41,097 (representing the $2,954.85 monthly rental value found by the trial court for 20 months). Thus, the total award of damages should be $68,347. Mangano, J. P., Bracken, Spatt and Balletta, JJ., concur.