■ NIMBY FOOD SERVICE, INC., Doing Business as THE GREENERY RESTAURANT, Appellant, v STATE OF NEW YORK, Respondent. (Action No. 1.) COUNTRY BARN MOTEL, INC., Appellant, v STATE OF NEW YORK, Respondent. (Action No. 2.) COUNTRY BARN MOTEL, INC., Appellant-Respondent, v STATE OF NEW YORK, Respondent-Appellant. (Action No. 3.) [661 NYS2d 237] —In three separate condemnation claims (1) the claimant in Action No. 1 appeals from (a) a decision of the Court of Claims (McNamara, J.), dated May 23, 1996, and (b) a judgment of the same court dated June 12, 1996, which, after a trial, is in favor of the State of New York and against it, dismissing the claim; (2) the claimant in Action No. 2 appeals from (a) the decision dated May 23, 1996, and (b) a judgment of the same court dated June 12, 1996, which, after a trial, is in favor of the State of New York and against it, dismissing the claim; and (3) the claimant in Action No. 3 appeals (a) from the decision dated May 23, 1996, and (b), as limited by its brief, from so much of a judgment of the same court dated August 8, 1996, as, after a trial, is in favor of it only in the principal amount of $103,672, and the State of New York cross-appeals from so much of the same judgment as awarded the claimant in Action No. 3 consequential damages.

Ordered that the appeals from the decisions dated May 23, 1996, are dismissed, without costs or disbursements, as no appeal lies from a decision (see, Schicchi v Green Constr. Corp., 100 AD2d 509); and it is further,

Ordered that the judgments dated June 12, 1996, in Action Nos. 1 and 2 are affirmed, without costs or disbursements; and it is further,

Ordered that the judgment dated June 12, 1996, in Action No. 3 is affirmed insofar as appealed from, without costs or disbursements.

In order to construct an exit ramp at the intersection of the Taconic State Parkway and Bryant Pond Road in Putnam County, the defendant State of New York appropriated approximately 5,580 square feet of a parcel belonging to the claimant in Action Nos. 2 and 3, Country Barn Motel, Inc. Prior to the appropriation, the parcel was more or less rectangular in shape, generally level, and comprised of approximately 65,340 square feet. Situated on the parcel was a 16-unit motel, and a restaurant operated by the claimant in Action No. 1, Nimby Food Service, Inc. The portion of the parcel that was appropriated was roughly triangular in shape and was located on the northwest corner of the subject parcel. Prior to the appropriation, the subject property was at grade with Bryant Pond Road and had approximately 175 feet of frontage thereon. There was parking space available for between 20 to 23 cars in front of the motel. After the taking, there was room for no more than three cars to park in front of the motel, and parking areas had to be created on various portions of the remainder. Additionally, after the taking, a limited access exit ramp abutted the parcel in the area where there had previously been direct access from Bryant Pond Road. Because of this, the defendant constructed a new access road to the parcel.

It is well settled that where there is a partial taking of a condemnee's property, the general measure of damages is the difference between the value of the whole parcel before the taking and the value of the remainder parcel after the taking (see, City of New York [Civitano—Humble Oil & Ref. Co.], 39 NY2d 453; Diocese of Buffalo v State of New York, 24 NY2d 320, 323). Here, in determining the value of the parcel before the taking, the Court of Claims relied on certain comparables used by the appraiser for the State in his market approach to value, and gave considerable weight to a 1987 sale of the subject parcel. In determining the value of the parcel after the taking, the court substantially relied on the claimants' evidence with respect to costs to cure, specifically itemizing those costs that it found appropriate (see, Hylan Flying Serv. v State of New York, 49 NY2d 840, 841-842; Mayes Co. v State of New York, 18 NY2d 549; 4A Nichols, Eminent Domain § 14A.04 [2] [3d ed 1997]). A review of the report of the claimants' engineer, to which the court specifically referred, supports the values employed by the court. Under these circumstances, where the court adequately explained its reasoning, its determination should not be disturbed (Matter of City of New York [Reiss], 55 NY2d 885, 886; Matter of City of New York [A. & W. Realty Corp.], 1 NY2d 428, 432-433; see also, Cummings v State of New York, 62 AD2d 1084, 1085-1086).

The court's finding as to damages for the temporary easement appropriated by the defendant during the construction of the exit ramp was supported by the evidence and should not be disturbed (see, Village of Highland Falls v State of New York, 44 NY2d 505, 507; Matter of County of Nassau [Minkin], 148 AD2d 533). Additionally, the two claims for trade fixtures were properly dismissed (cf., McDonald v State of New York, 42 NY2d 900, 901).

The parties' remaining contentions are without merit. Ritter, J. P., Sullivan, Santucci and McGinity, JJ., concur.