■ INTERLAKE SERVICE STATION, INC., Appellant, v STATE OF NEW YORK, Respondent. (Claim No. 1.) POWER TEST REALTY COMPANY LIMITED PARTNERSHIP et al., Appellants-Respondents, v STATE OF NEW YORK, Respondent-Appellant. (Claim No. 2.) (Claim Nos. 82671, 84201.) [670 NYS2d 914] —In related condemnation claims, (1) the claimant Interlake Service Station, Inc., appeals from a judgment of the Court of Claims (McNamara, J.), entered March 24, 1997, in Claim No. 1, which dismissed its claim, (2) the claimants Power Test Realty Company Limited Partnership and Getty Petroleum Corp. appeal from a judgment of the same court, dated April 28, 1997, in Claim No. 2, which awarded them only $745,000 in satisfaction of their claim, and (3) the State of New York cross-appeals from the judgment dated April 28, 1997, in Claim No. 2.

Ordered that the cross appeal is dismissed as abandoned; and it is further,

Ordered that the judgments are affirmed; and it is further,

Ordered that the State of New York is awarded one bill of costs.

The parcel of property at issue on these appeals lies adjacent to the Taconic State Parkway in Putnam County. It was condemned by the defendant State of New York, for the purpose of constructing a ramp. The claimant, Interlake Service Station, Inc. (hereinafter Interlake), operated a gas station on the parcel pursuant to a lease with the claimant Getty Petroleum Corp. (hereinafter Getty). Getty, in turn, leased the property from the fee owner, the claimant Power Test Realty Company Limited Partnership.

The lease between Interlake and Getty provided as follows: "25. Lessee shall make no additions, changes, alterations or improvements to the Station or make any repairs at the expense of [Getty] without first obtaining [Getty's] prior written consent. Any alterations or additions to any buildings or permanent improvements authorized by [Getty] shall upon installation become the property of [Getty] and Lessee shall have no right or interest therein except to continue to use same during the remainder of the term of this lease".

Generally, a lessee is entitled to compensation for the value of trade fixtures installed on the leased property upon the condemnation of that property (see, Matter of City of New York [G & C Amusements], 55 NY2d 353; Matter of City of New York [Allen St.], 256 NY 236; Whitehall Corners v State of New York, 210 AD2d 398). In Marraro v State of New York (12 NY2d 285, 292-293), the Court of Appeals stated that a condemnor is obliged to pay for trade fixtures installed by a tenant "on the basis that they are part of the real property being appropriated, but, as between the owner and his tenant[s], they are the property of the tenant who has retained the right to remove them" (emphasis added). However, the Court of Appeals has held that a lessee is not entitled to compensation for the value of trade fixtures where the lease expressly provides that "improvements" are to become the property of the landlord upon installation (see, Matter of City of New York [G & C Amusements], supra, at 361). Such was the case here, and accordingly, the Court of Claims properly dismissed Interlake's claim for the value of its trade fixtures (see, Matter of Dormitory Auth. [Milo Press], 172 AD2d 401, 402; Matter of City of New York [Triborough Bridge], 249 App Div 579, 583, affd 274 NY 581; Levin v Improved Prop. Holding Co., 141 App Div 106, 108).

The claimants' remaining contentions are without merit (see, Nimby Food Serv. v State of New York, 241 AD2d 542). O'Brien, J. P., Thompson, Sullivan and Pizzuto, JJ., concur.