■ In the Matter of GEORGE KADLEC, Respondent, v STATE OF NEW YORK, Appellant. [694 NYS2d 123] —In an eminent domain proceeding, the State of New York appeals, as limited by its brief, from so much of a judgment of the Court of Claims (Silverman, J.), dated June 9, 1998, as awarded the claimant consequential damages for a temporary easement.

Ordered that the judgment is affirmed insofar as appealed from, with costs.

On June 6, 1995, the State appropriated in fee approximately 7,016 square feet of the claimant's undeveloped property in the Hamlet of Miller Place in the Town of Brookhaven in Suffolk County. The State also took a temporary easement of approximately 2,001 square feet of the remaining property. The property had a 200-foot frontage on Route 25A. The portions of the property taken by the State both in fee and for the temporary easement spanned the entire length of the property's frontage on Route 25A. The property also had frontage on three other streets, all of which were unimproved and were referred to by the appraisers for both parties as "paper streets".

After a trial, the Court of Claims accepted the testimony of the claimant's appraiser, finding that other than Route 25A there was no access to the claimant's remaining property, and that the taking of the temporary easement amounted to a de facto taking of the entire remaining property while the easement remained in place. The Court of Claims, therefore, awarded damages to the claimant for the temporary easement based on the rental value of the entire remainder, rather than the portion of the property actually encumbered by the easement. We find that the Court of Claims properly awarded consequential damages.

A claimant is entitled to compensation for any loss suffered, including consequential damages, as a result of a temporary easement. However, there should be no recovery where there is no loss (see, Great Atl. & Pac. Tea Co. v State of New York, 22 NY2d 75; Mead v State of New York, 24 AD2d 1043; Morton v State of New York, 8 AD2d 49). Put differently, "compensation

need not be paid for the State's taking of a temporary easement when there is no actual interference with the property owner's use of his property" (*Village of Highland Falls v State of New York,* 44 NY2d 505, 507, citing *Great Atl. & Pac. Tea Co. v State of New York,* 22 NY2d 75, 77, *supra*). Where the property involved is unimproved or vacant land, the award of consequential damages resulting from the taking of a temporary easement is proper where the taking of the easement affects the availability for development of the claimant's remaining land (*see, Morton v State of New York,* 8 AD2d 49, 53-54; *Mazzeo v State of New York,* 58 Misc 2d 186, 189). The claimant established that other than Route 25A the streets fronting on the subject property were unimproved, "paper streets". Thus, the record supports the conclusion of the Court of Claims that the temporary easement, which spanned the entire length of the remaining property's frontage on Route 25A, rendered the claimant's remaining property inaccessible and, thus, unavailable for development for the period of time that the easement was in existence.

The State's remaining contentions lack merit. Ritter, J. P., Thompson, Altman and Friedmann, JJ., concur.