■ BRIAN R. McCURDY, Respondent, v STATE OF NEW YORK, Appellant. [830 NYS2d 584]—

In a claim to recover damages resulting from an eminent domain proceeding, the defendant appeals, as limited by its brief, from so much of a judgment of the Court of Claims (Nadel, J.), dated November 4, 2005, as, after a nonjury trial and upon a decision of the same court dated July 6, 2005, awarded the

claimant consequential damages in the principal sum of $20,900 for a temporary easement. The notice of appeal from the decision is deemed to be a notice of appeal from the judgment (see CPLR 5512 [a]).

Ordered that the judgment is affirmed insofar as appealed from, with costs.

In this claim to recover damages resulting from an eminent domain proceeding, the claimant seeks compensation for temporary and permanent appropriations of property by the State in connection with the reconstruction of Montauk Highway (State Route 27A). At the time of the appropriation, the claimant owned 10,888 square feet of vacant and unimproved land in the Town of Islip in Suffolk County. The parcel had approximately 75 feet of frontage on Montauk Highway. The State appropriated in fee approximately 71 square feet of the claimant's property consisting of a strip of land along the property's frontage on Montauk Highway. In addition, the State acquired a temporary easement of approximately 679 square feet over the remaining property for grading purposes. The taking for the temporary easement ran behind the taking in fee and spanned the entire length of the property's frontage on Montauk Highway.

After a nonjury trial, the Court of Claims accepted the testimony of the claimant's appraiser, finding that, other than Montauk Highway, there was no access to the claimant's remaining property, and that the taking for the temporary easement amounted to a de facto taking of the entire remaining property while the temporary easement remained in place. The Court of Claims, therefore, properly awarded consequential damages to the claimant for the temporary easement based on the rental value of the entire remainder, rather than the portion of the property actually encumbered by the temporary easement.

The proper measure of damages for the taking of a temporary easement is the decrease in the rental value of the premises subject to the temporary easement during the term of the temporary easement, sometimes referred to as the "rental value" of the easement, plus consequential damages, if any (see Great Atl. & Pac. Tea Co. v State of New York, 22 NY2d 75, 89 [1968]; Mead v State of New York, 24 AD2d 1043 [1965]; Spencer v State of New York, 206 App Div 376 [1923]). Where the property involved is unimproved or vacant land, the award of consequential damages resulting from the taking of a temporary easement is proper where the taking of the easement affects the availability for development of the claimant's remaining land

(*see Matter of Kadlec v State of New York*, 264 AD2d 420, 421 [1999]; *Morton v State of New York*, 8 AD2d 49, 53-54 [1959]). "A temporary easement that leaves the property owner under constant threat that his use of the property may be curtailed or stopped is likely to affect business or other financial decisions even if use is never interrupted in fact. The threat imposed by the condemnor's legal right to occupy may be almost as damaging as the actual occupation of the property. Damages caused by such uncertainty, difficult as they may be to measure, should generally be compensable" (*Village of Highland Falls v State of New York*, 44 NY2d 505, 509 [1978]).

The record supports the conclusion of the Court of Claims that the temporary easement, which spanned the entire length of the remaining property's frontage on Montauk Highway, rendered the claimant's remaining property inaccessible and, thus, unavailable for development for the period of time that the temporary easement was in existence (*see Matter of Kadlec v State of New York, supra; Morton v State of New York, supra; cf. Village of Highland Falls v State of New York, supra; Matter of County of Nassau [Minkin]*, 148 AD2d 533 [1989]). Rivera, J.P., Skelos, Dillon and Covello, JJ., concur.