■ In the Matter of ARVERNE SECOND AMENDED URBAN RENEWAL PROJECT. RED CASTLE BAKERIES, INC., Appellant; CITY OF NEW YORK et al., Respondents. [844 NYS2d 346]—

In a proceeding pursuant to EDPL 402 (B), Red Castle Bakeries, Inc., appeals from an order of the Supreme Court, Queens County (Rios, J.) dated March 3, 2006, which denied its motion, inter alia, to direct the condemnor City of New York to make compensation payments to it for real estate interests and fixtures affected by the condemnation proceeding.

Ordered that the order is affirmed, with one bill of costs payable to the respondents appearing separately and filing separate briefs.

According to a lease entered into between Red Castle Bakeries, Inc. (hereinafter Red Castle), as tenant, and Loeb & Mayer (hereinafter L & M), as landlord, Red Castle had the option to purchase the demised building located on the parcel known as lot 70 within 60 days of notice of the proposed taking by the

City of New York. It is undisputed that Red Castle did not exercise its option to purchase. Contrary to Red Castle's contention, a tenant who does not exercise its option to purchase has no interest in the real estate and is not entitled to a share of the compensation paid in a condemnation proceeding (*Matter of City of New York*, 246 NY 1, 33 [1927], *cert denied sub nom. Greater N. Y. Dock & Warehouse Co. v Stapleton Dock & Warehouse Corp.*, 276 US 626 [1928]; *Matter of City of New York*, 195 Misc 842 [1948]; *cf. Hutt v Johnson*, 135 AD2d 501 [1987]).

The Supreme Court properly dismissed Red Castle's claim to be compensated for a refrigeration facility located on land owned by the City and subleased to Red Castle by L & M. According to the terms of the lease between the City and L & M, the refrigeration facility became the property of the City. Therefore, Red Castle was not entitled to compensation for the fixtures (*see Matter of City of New York [G & C Amusements]*, 55 NY2d 353, 359 [1982]; *Matter of Village of Port Chester v Martinez*, 5 AD3d 692 [2004]; *Interlake Serv. Sta. v State of New York*, 249 AD2d 275 [1998]). Schmidt, J.P., Goldstein, Skelos and Fisher, JJ., concur.