In an action, inter alia, to impose a constructive trust on certain real property, the defendants appeal, as limited by their brief, from so much of a judgment of the Supreme Court, Queens County (Kitzes, J.), entered March 28, 2012, as, upon a decision of the same court made after a nonjury trial, adjudged the plaintiff and her husband the rightful owners of the subject property, directed the defendant Keisha McDonald to reconvey the subject property to the plaintiff and her husband, and, in effect, conditioned the plaintiffs payment of the sum of $51,000 to the defendant Keisha McDonald upon that defendant’s reconveyance of the subject property to the plaintiff and her husband, and the plaintiff cross-appeals, as limited by her brief, from so much of the same judgment as directed her to pay the defendant Keisha McDonald the sum of $51,000.
Ordered that the judgment is reversed insofar as appealed from, on the facts, and the complaint is dismissed; and it is further,
Ordered that the judgment is affirmed insofar as cross-appealed from; and it is further,
*647 Ordered that one bill of costs is awarded to the defendants.
“The elements of a constructive trust are a confidential or fiduciary relationship, a promise, a transfer in reliance thereon, and unjust enrichment” (Williams v Eason, 49 AD3d 866, 868 [2008]; see Sharp v Kosmalski, 40 NY2d 119, 121 [1976]; O’Brien v Dalessandro, 43 AD3d 1123, 1124 [2007]). The ultimate purpose of a constructive trust is to prevent unjust enrichment, and it will be imposed “ ‘[w]hen property has been acquired in such circumstances that the holder of the legal title may not in good conscience retain the beneficial interest’ ” (Sharp v Kosmalski, 40 NY2d at 121, quoting Beatty v Guggenheim Exploration Co., 225 NY 380, 386 [1919]; see Rowe v Kingston, 94 AD3d 852, 853 [2012]).
In reviewing a determination made after a nonjury trial, the power of this Court is as broad as that of the trial court, and we may render a judgment we find warranted by the facts, bearing in mind that in a close case, the trial court had the advantage of seeing and hearing the witnesses (see Northern Westchester Professional Park Assoc. v Town of Bedford, 60 NY2d 492, 499 [1983]; Marini v Lombardo, 79 AD3d 932, 933 [2010]).
Here, the Supreme Court erred in concluding that the plaintiff satisfied her burden of proof with respect to the elements necessary to impose a constructive trust. The plaintiff failed to demonstrate that the defendants would be unjustly enriched by retaining legal title to the subject premises (see Losner v Cashline, L.P., 41 AD3d 789 [2007]; Potter v Davie, 275 AD2d 961, 964 [2000]; see also McGrath v Hilding, 41 NY2d 625, 629 [1977]). Thus, the Supreme Court erred in adjudging the plaintiff and her husband the rightful owners of the subject property and directing the defendant Keisha McDonald to reconvey and transfer the deed to the subject property to the plaintiff and her husband.
However, the Supreme Court properly awarded the defendant Keisha McDonald damages in the amount of $51,000 on her counterclaim as, despite the plaintiff’s contention otherwise, those damages were sufficiently established.
Dillon, J.E, Balkin, Chambers and Cohen, JJ., concur.