■ DiCarlo Distributors, Inc., Appellant, v Hampton Bays Diner Corp. et al., Respondents. [992 NYS2d 54]—

In an action, inter alia, to recover damages for breach of contract and unjust enrichment, the plaintiff appeals from so much of a judgment of the Supreme Court, Suffolk County (Pitts, J.), entered September 5, 2012, as, upon a decision of the same court dated September 29, 2011, made after a nonjury trial, awarded it the principal sum of only $34,000, failed to award it an attorney's fee, fixed prejudgment interest at a rate of only 9% per annum, and entered judgment only against the defendant Hampton Bays Diner Corp.

Ordered that the judgment is modified, on the law, (1) by deleting the provisions thereof fixing prejudgment interest at a rate of 9% per annum and entering judgment only against the defendant Hampton Bays Diner Corp., and substituting therefor, respectively, provisions fixing prejudgment interest at a rate of 18% per annum and entering judgment against all of the defendants, and (2) by adding thereto a provision directing that the plaintiff is entitled to an award of an attorney's fee; as so modified, the judgment is affirmed insofar as appealed from, without costs or disbursements, and the matter is remitted to the Supreme Court, Suffolk County, to determine the amount of interest and the attorney's fee, and thereafter for the entry of an appropriate amended judgment.

"In reviewing a determination made after a nonjury trial, the power of this Court is as broad as that of the trial court, and we may render a judgment we find warranted by the facts, bearing in mind that in a close case, the trial court had the advantage of seeing and hearing the witnesses" (*Hall v McDonald*, 115 AD3d 646, 647 [2014]; *see Northern Westchester Professional Park Assoc. v Town of Bedford*, 60 NY2d 492, 499 [1983]).

Contrary to the plaintiff's contention, the Supreme Court's award of damages in the principal sum of $34,000 is warranted by the facts (*see Elkin v Urarn Assoc.*, 72 AD3d 734, 736 [2010]). While the plaintiff's credit manager testified that the defendants owed the plaintiff the principal sum of $51,292.97 for food products and other items, the manager was not aware of any credits for defective goods delivered to the defendants aside from credits that were reflected on the invoices, totaling only about $100. The defendant Frank Vlahadamis testified that he rejected food products on numerous occasions by notifying the plaintiff's sales representative after the delivery driver had already left the premises. Both the plaintiff's credit manager and its sales representative testified that under those circumstances, the credit would not be reflected on the invoice. In light of the

foregoing, the Supreme Court properly awarded the plaintiff damages in the principal sum of $34,000 based on Frank Vlahadamis's testimony concerning the amount owed by the defendants.

However, the Supreme Court erred in fixing prejudgment interest at a rate of only 9% per annum, entering judgment only against the corporate defendant, and failing to award the plaintiff an attorney's fee. The language of the regulations relied upon by the defendants at trial does not support a finding that the legislature intended to render an otherwise valid contract unenforceable as a result of a broker's failure to perform his or her duties after "the contract is effected" (7 CFR 46.28 [a]; *see generally Majewski v Broadalbin-Perth Cent. School Dist.*, 91 NY2d 577, 583 [1998]). In light of the unequivocal provisions of the "credit contract and guaranty form" dated January 21, 2004, signed by the individual defendants in their individual capacities, the Supreme Court should have entered judgment against all of the defendants, fixed the prejudgment interest at a rate of 18% per annum, and awarded the plaintiff an attorney's fee (*see Yellow Book of N.Y., L.P. v Cataldo*, 81 AD3d 638, 640 [2011]; *see generally Stamina Prods., Inc. v Zintec USA, Inc.*, 90 AD3d 1021, 1022 [2011]).

The plaintiff's remaining contention is without merit. Skelos, J.P., Austin, Sgroi and LaSalle, JJ., concur.