RONMAR REALTY, INC., Appellant, v STATE OF NEW YORK, Respondent. [995 NYS2d 193]—

In a claim to recover damages for the taking of real property

pursuant to an eminent domain proceeding, the claimant appeals from a judgment of the Court of Claims (Ferreira, J.), dated April 22, 2013, which, upon a decision of the same court dated January 4, 2013, made after a nonjury trial, is in favor of it and against the State of New York in the sum of only $34,857.72 for the taking of a temporary easement.

Ordered that the judgment is affirmed, with costs.

The claimant is the owner of a 12,438-square-foot parcel of real property located in the Town of Brookhaven. The parcel, which is improved with a one-story retail structure, has approximately 77 feet of frontage on the easterly side of New York State Route 112, a major north/south artery. In March 2008, in connection with a highway reconstruction project, the State of New York acquired a temporary easement over a 939-square-foot strip of land that spanned the entire front of the parcel, to depths ranging from 8 to 16 feet. The easement reserved to the claimant "the right of access and the right of using said property and such use shall not be further limited or restricted under this easement beyond that which is necessary to effectuate its purpose." The claimant filed a timely claim for damages resulting from the taking of the temporary easement.

After a nonjury trial, the Court of Claims awarded the damages to the claimant based on the rental value of the land encompassed within the temporary easement for the length of time that the easement was in effect, together with actual damages for injury to property. Crediting the testimony of the engineer in charge of the road widening and reconstruction project, the court found that the entire property was not substantially affected, and that access thereto was not significantly disrupted by the temporary easement. As such, the court rejected the claimant's contention that it should be awarded consequential damages based on the rental value of the entire parcel, rather than the portion of the parcel actually encumbered by the temporary easement. The claimant appeals, and we affirm.

Generally speaking, a claimant is entitled to compensation for any loss suffered as a result of the taking of a temporary easement (see Great Atl. & Pac. Tea Co. v State of New York, 22 NY2d 75, 87 [1968]; Matter of Kadlec v State of New York, 264 AD2d 420 [1999]; Mead v State of New York, 24 AD2d 1043, 1043 [1965]). There is, however, no recovery where there is no loss (see Great Atl. & Pac. Tea Co. v State of New York, 22 NY2d at 87). Indeed, " 'compensation need not be paid for the State's taking of a temporary easement when there is no actual interference with the property owner's use of his [or her] property' "

(*Matter of Kadlec v State of New York*, 264 AD2d at 420-421, quoting *Village of Highland Falls v State of New York*, 44 NY2d 505, 507 [1978]).

Where a taking of a temporary easement encumbers a parcel's entire highway frontage, as in the instant case, the measure of damages is "the rental value of the land encompassed within the temporary easement for so long as the easement is in effect plus, as consequential damages, the rental value of the parcel's unencumbered interior acreage for any period of time when highway access was not possible by virtue of the easement's use" (*McCurdy v State of New York*, 10 NY3d 234, 235-236 [2008]; *see Village of Highland Falls v State of New York*, 44 NY2d 505 [1978]). A condemnee is entitled to consequential damages comprising the rental value of the parcel's unencumbered interior acreage for the easement's duration only if the condemnor does not meet its burden of proving the duration of the "interval of actual obstruction," or if the condemnee establishes that the "mere existence" of the temporary easement interfered with highest and best use of the property "in more than a conjectural sense" (*McCurdy v State of New York*, 10 NY3d at 236, 241; *see Village of Highland Falls v State of New York*, 44 NY2d 505 [1978]).

"In reviewing a determination after a nonjury trial, the power of the Court is as broad as that of the trial court, and we may render a judgment we find warranted by the facts, bearing in mind that in a close case, the trial court had the advantage of seeing and hearing the witnesses" (*Hall v McDonald*, 115 AD3d 646, 647 [2014]; *see DiCarlo Distribs., Inc. v Hampton Bays Diner Corp.*, 120 AD3d 612, 613 [2014]; *see generally Northern Westchester Professional Park Assoc. v Town of Bedford*, 60 NY2d 492, 499 [1983]).

Here, as the Court of Claims reasonably concluded, the State proved that the disruption and interference with the subject property was limited, sporadic, and of a very brief duration, and that access was never completely blocked, even on days when disruption occurred. While the claimant argues that, even when access was not actually interrupted, the temporary easement negatively affected its retail establishment—the highest and best use of the property—the record is devoid of any concrete evidence that the claimant suffered a significant economic injury to the entire parcel as a result of the temporary taking (*see Mc-Curdy v State of New York*, 10 NY3d at 241-242; *Village of Highland Falls v State of New York*, 44 NY2d at 508).

Accordingly, the Court of Claims properly limited the claimant's damages to the rental value of the land encompassed

within the temporary easement for the length of time that the easement was in effect, together with the costs to repair certain actual damages to the parcel caused by the State's activities, the latter of which were established by the claimant and undisputed by the State. Skelos, J.P., Dickerson, Maltese and LaSalle, JJ., concur.