■ AZTE, INC., et al., Respondents, et al., Plaintiff, v AUTO COLLECTION, INC., et al., Defendants, and STEVEN LEVER, Appellant. [2 NYS3d 212]—

In an action, inter alia, to recover damages for breach of contract, the defendant Steven Lever appeals, as limited by his brief, from so much of a judgment of the Supreme Court, Kings County (Demarest, J.), entered September 19, 2012, as, upon a decision of the same court dated September 6, 2012, made after a nonjury trial, is in favor of the plaintiff AZTE, Inc., and against him in the principal sum of $232,860, and in favor of the plaintiff ABR Consulting Group Corp. and against him in the principal sum of $310,000.

Ordered that the judgment is affirmed insofar as appealed from, with costs.

The plaintiffs AZTE, Inc. (hereinafter AZTE), and ABR Consulting Group Corp. (hereinafter ABR) (hereinafter together the plaintiffs) made payments to the defendant The Auto Collection, Inc. (hereinafter Auto Collection), to purchase certain vehicles. Auto Collection failed to deliver the vehicles or refund the payments. Thereafter, the plaintiffs commenced this action against, among others, Auto Collection and the defendant Steven Lever, who owns 90% of the shares of Auto Collection, to recover their payments. After a nonjury trial, the Supreme Court determined that Auto Collection and Lever, under a theory of piercing the corporate veil, were liable to AZTE in the principal sum of $232,860 and to ABR in the principal sum of $310,000. Lever appeals.

"In reviewing a determination made after a nonjury trial, the power of this Court is as broad as that of the trial court, and we may render a judgment we find warranted by the facts, bearing in mind that in a close case, the trial court had the advantage of seeing and hearing the witnesses" (*Hall v McDonald*, 115 AD3d 646, 647 [2014]; *see Northern Westchester Professional Park Assoc. v Town of Bedford*, 60 NY2d 492, 499 [1983]).

"The general rule . . . is that a corporation exists independently of its owners, who are not personally liable for its obligations, and that individuals may incorporate for the express purpose of limiting their liability" (*East Hampton Union Free School Dist. v Sandpebble Bldrs., Inc.*, 66 AD3d 122, 126 [2009], *affd* 16 NY3d 775 [2011]). The doctrine of piercing the corporate veil is an exception to this general rule, allowing the imposition of individual liability on owners for the obligations of their corporation "to prevent fraud or to achieve equity" (*Matter of Morris v New York State Dept. of Taxation & Fin.*, 82 NY2d 135, 140 [1993] [internal quotation marks omitted]; *see Flushing Plaza Assoc. #2 v Albert*, 102 AD3d 737, 738 [2013]). "A plaintiff seeking to pierce the corporate veil must demonstrate that a court in equity should intervene because the owners of the corporation exercised complete domination over it in the transaction at issue and, in doing so, abused the privilege of doing business in the corporate form, thereby perpetrating a wrong that resulted in injury to the plaintiff" (*East Hampton Union Free School Dist. v Sandpebble Bldrs., Inc.*, 66 AD3d at 126; *see Matter of Morris v New York State Dept. of Taxation & Fin.*, 82 NY2d at 141-142).

Here, the Supreme Court's determination to pierce the corporate veil and hold Lever personally liable for the judgment against Auto Collection was warranted by the facts. Contrary to Lever's contention, the evidence established not only his domination and control of Auto Collection generally, but also his domination and control over the transactions at issue. Rivera, J.P., Hall, Austin and Cohen, JJ., concur. ■